<table>
<tr><td>53</td><td>525</td></tr>
<tr><td>96</td><td>450</td></tr>
</table>

<table>
<tr><td>53</td><td>525</td></tr>
<tr><td>104</td><td>454</td></tr>
</table>

<table>
<tr><td>53</td><td>525</td></tr>
<tr><td>123</td><td>609</td></tr>
</table>

## THE PEOPLE v. ABRAM HENDRICKSON.

*Adultery—Acts of intimacy—Particeps criminis.*

1. In a prosecution for adultery acts of familiarity committed two years before are too remote to be put in evidence. But acts within a short time before and very soon after the act complained of, if establishing a continuous intimacy, may be shown.

2. The woman with whom one is charged with committing adultery is a competent witness for the People as well as the respondent, unless she declines to criminate herself.

3. It is error to charge that the omission of a person on trial for adultery to summon the other party to the act as a witness, must be taken against him, especially if there is nothing to show that respondent knows the latter's whereabouts.

Error to Berrien. (A. J. Smith, J.) April 18.—April 30.

ADULTERY. Respondent brings error. Reversed.

*E. M. Plimpton* and *Clapp & Bridgman* for appellant.

Attorney General *Van Riper* for the People.

SHERWOOD, J. The defendant was charged with the crime of adultery committed with one Varnella Smith on the 21st day of August, 1883, was tried at the Berrien circuit, and convicted and sentenced to two years' imprisonment. A large number of exceptions were taken on the trial to the rulings and charge of the court, upon twenty-nine of which the defendant assigned error; in disposing of the case, however, but few of them need be considered.

On the trial the prosecuting attorney was permitted to make proof of acts of familiarity and intimacy between the defendant and Mrs. Smith, which occurred over two years before the prosecution was commenced. Such acts, within a reasonable time before the acts complained of, and also occurring very soon thereafter, so long as they may be regarded as continuous, are competent and admissible testimony; but those occurring two years before the criminal act charged must be held too remote and it is error to admit them. The defendant's motion to strike out this testimony should have been granted. *People v. Davis* 52 Mich. 569, decided at last term; *People v. Jenness* 5 Mich. 305.

Mrs. Smith was a competent witness in the case for the People as well as the defendant. *Parsons v. People* 21 Mich. 512. Of course she could not be compelled to answer if she declined upon the statutory ground. She was not sworn upon either side, and the record does not show that she was in the State at the time of the trial.

The court charged the jury that Mrs. Smith could not be subpœnaed and testify to her guilt, " but the defendant might have subpœnaed her if he was innocent, and she was innocent, and have her swear to that fact;" that he did not do this, and it was a circumstance against him; and after

repeating this in substance several times in the charge, the court further said: "Now, gentlemen, as I said before, take all these familiarities that have been proven to you—take the facts and circumstances as they occurred at that house that day, and the fact that he might have had Mrs. Smith here to testify if he saw fit, and from all these say whether you are satisfied beyond a reasonable doubt that this man at that time did have sexual intercourse with this woman."

There was not a particle of proof before the court or jury that defendant knew anything about where Mrs. Smith was; he and Mrs. Smith were two principals. The judge declares the law to be that, in such a case, where one of the two is tried it is his duty to call the other as a witness, and his neglect so to do will be taken as a circumstance against him. There is neither reason nor authority for this rule, and the error committed in giving these charges was seriously prejudicial to the rights of the defendant.

It is hardly necessary to notice the other exceptions, as the occasion for them will not be likely to occur on the second trial.

The judgment must be reversed and a new trial granted.

The other Justices concurred.