JAMISON ET AL VS UNITED STATES.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 872).

1. *Criminal Law—Counsel's Misconduct.*

By Carter's Ind. Ter. St. § 1974, a husband or wife is disqualified to testify for or against the other, or as regards any communication between them during the marriage. Therefore it is prejudicial error for the attorney for the prosecution to refer in his argument to the failure of the wife of the accused to testify and to declare that as a witness she was competent unless objected to by the prosecution; the court failing to have the remark withdrawn or to instruct that the wife was wholly incompetent as a witness.

2. *Same—Right of Accused.*

Accused has absolute right to a fair and impartial trial and to be given the benefit of every doubt as to his guilt.

5. *Same—Proof of Error.*

Accused must show prejudicial error in prosecuting attorney's remarks to the jury.

4. *Same—Instructions to Jury.*

Prosecuting attorney has no authority to instruct the jury as to law points.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, June 10, 1905.

D. S. Jamison and another were convicted of cattle stealing, and they appeal. Reversed and remanded.

*Furman & Coxton*, for appellant.

*George R. Walker*, U. S. Atty., and *James E. Humphrey*, Asst. U. S. Atty.

LAWRENCE, J. At September term, 1904, of said District Court, sitting at Tishomingo, appellants were indicted jointly for cattle stealing. The venue was changed, upon their motion, to Ardmore, in same district. They were tried, found guilty, and sentenced to the penitentiary for the term of five years each, and to pay a fine of $500 each. From this judgment they appeal.

The sole error complained of is the alleged improper remarks of the attorney for the government in his closing speech to the jury. The entire speech is set out in the bill of exceptions. The objectionable language, condensed by counsel for appellants and set forth in their brief, is as follows: "I asked Mr. Jamison, 'Did you go by Mr. Furr's house?' and Jamison said that he came by Furr's house. Nobody ever saw him, then, except the nigger and the horse doctor. Was Jamison alone? So far as this evidence goes, he was alone. That is what he says about it. He was alone. Where was his wife and children? He has a daughter 12 or 14 years old. Where are they? Are they here, lending aid and support to your defense? No, sir. Are they here testifying when he came into the house? No, sir. Who knows better when he arrived home that morning than his wife? To which defendants then and there objected, upon the ground that the wife of Jamison was not a competent witness, and that therefore her not being upon the witness stand could not be used against these defendants, and moved the court to exclude said remarks from the jury. Whereupon the district attorney continued: 'She can be unless I object. The statute says she shall be allowed to testify unless objected to by the prosecution. She is not

here to offer her testimony.' The court remarked: 'There is no evidence in reference to the wife.' Mr. Johnson: 'I asked him if his wife and children were not at home at that time, and he swore that they were. I want to say to you that the slick one of all the bunch has not been caught; and that is Mr. Dick Gaston. · He is the slick one of them all. He is the manipulator for all of them, and the adviser. Look how he is contradicted. Look at Dick Gaston, that good-looking, sensible man, a man who should be able to do well anywhere and under any circumstances. Look how he is contradicted by his partner on the witness stand, who he had with him, and what was he doing that day. It simply shows, gentlemen of the jury, that there was a congregation met there that day on Sunday, either by a previous contract or agreement, or met up at the time. There was Dick Gaston, Robert Barnes, this man Jamison here, Harris, who is in jail, and Webb, who is in jail. These are the men who met at Jamison's place there— the man who said he had Walker George's son working for him. These are the kind of men he had around there. These are the kind of men who have almost paralyzed the cattle industry in that section of the country.' To which counsel for the defendant objected, upon the ground that there was no proof in this case about Walker George, or about the cattle industry of the country being paralyzed, and moved the court to exclude this argument from the consideration of the jury. The district attorney proceeded: 'I say these are the character of men, gentlemen of the jury, who have paralyzed the cattle industry in that country, and the good people down there appeal to you.' To which counsel for the defendants objected, that there was no evidence that any cattle industry was paralyzed in that country, and moved the court to withdraw that argument from the jury. The court replied: 'I will not exclude that. I think he has the right to remark on that.' To which ruling of the court defendants excepted." There is no room for argument

that remarks of counsel with reference to the failure of the wife of defendant Jamison to testify, and that she was a competent witness unless the government saw fit to object, were improper, and he should have been rebuked by the court for making them, and they should have been withdrawn from the jury by the attorney who made them, under the direction of the court, or the jury should have been instructed by the court that the wife was wholly incompetent to testify for or against her husband, Jamison, and the remarks of counsel in that regard should be taken as for naught.

It appears from the record that the attorneys on both sides in their arguments to the jury were prone to go outside the record. Necessarily the breach must be made before there can be cause for objection. Therefore, the remedy for the evil can only be curative rather than preventive, where it appears that the trial court omitted to apply this sole remedy; and, if the court of review shall be clearly of the opinion that the improper remarks were prejudicial to a fair trial to defendant, it should reverse the cause and return it for another trial. It is the absolute right of every defendant in a criminal prosecution to have a fair and impartial trial, and the benefit of every reasonable doubt as to his guilt. In this instance, the burthen is upon the appellant to show that the said remarks were prejudicial to his rights, to the extent that he had not a fair trial. From the argument, which is set out in full in the record and above quoted: "Where was his wife and children? He has a daughter 12 or 14 years old. Where are they? Are they here lending aid and support to your defense? No, sir. Are they here testifying when he come into the house? No, sir. Who knows better when he arrived home that morning than his wife?" At this point counsel for defendants objected to statement of United States attorney as to the wife. Thereupon the court remarked: "There is no evidence in reference to the wife." There could

be no ground for objection to the remarks of counsel as to the failure of the children to testify, for they were competent, if of sufficient age and intelligence, but the vice of the remarks is not relieved by thus coupling children with the wife. The emphasis of the speaker is upon the word "wife." "Who knows better than his wife when he arrived home that morning?" An alibi was attempted to be proved by defendant. If successful the verdict must be not guilty. To overcome this effort was the purposes of the attorney for the government. In his zeal he over-stepped the limits of the law. As an officer of the government, he tells the jury that under the statute she was competent to testify, unless objected to by the government. This was an erroneous statement of the statute, for it is directly to the contrary. It was not the province of the attorney to instruct the jury as to the law, and, more than this, the jury was not differently instructed by the court. The statute reads: "The following persons shall be incompetent to testify [four classes are named]:    *    *    *    Fourth. Husband and wife, for or against each other, or concerning any communication made by one to the other during the marriage, whether called as a witness while that relation subsists or afterwards, but either shall be allowed to testify for the other in regard to any business transacted by one for the other in the capacity as agent." Section 1974, Carter's Ind. Ter. St. The jury was left to take the prosecutor's statement of the law, without any counteracting instruction from the court. Had the court instructed the jury that the wife of defendant was a competent witness for him, and her failure to be produced as a witness to testify to any important fact, within her knowledge, favorable to him, should be taken as a circumstance against the defendant, it would be pronounced prejudicial error. The court's silence in permitting it to go to the jury from the lips of an officer of the court, whose duty to see that a defendant in a criminal case shall have a fair trial is not less than that of the presiding judge,

must necessarily have impressed the jury that the prosecutor's statement of the law was sanctioned by the court.

The case of State vs Weaver, 165 Mo. 1, 65 S. W. 308, 88 Am. St. Rep. 406, cited by attorneys for the appellants, is in point, and by an elaborate and able opinion discusses the question here under consideration. In that case Weaver and two others were indicted for murder. Weaver was tried separately. In his argument the attorney for the state commented upon the failure of the appellant and defendant to produce as witnesses his codefendants to explain or deny some assumed damaging testimony which appeared against him, and the permission of the trial court to allow this statement of the prosecutor to continue after objection of defendant was held prejudicial error, under a statute which permitted a defendant to testify in his own behalf, or to call a co-defendant to testify for him. Yet this was a personal privilege of the defendant and codefendant, and a failure of either to avail himself of the privilege was not subject to comment before the jury, and cited People vs Hendrickson, 53 Mich. 525, 19 N. W. 169, in support of its position. A stronger reason must exist where the witness is not privileged, but wholly incompetent. The error complained of is fatal to the judgment. It is therefore reversed, and cause remanded.

GILL, C. J., and CLAYTON, J., concur.