## PEOPLE *v.* MALLORY.

1. JURY—SELECTION—DISQUALIFICATION—EQUAL PROTECTION—CRIMI-
NAL RECORDS.

   Jury selection, in which prospective jurors may be disqualified
   by board of jury commissioners when prospective jurors have
   a criminal record or are related, in their immediate family,
   to those who have criminal records, *held*, not to be violation of
   equal protection of the law, when record indicates that selection
   of jury was in compliance with statutory requirements, and
   not a systematic exclusion of a class as claimed (US Const,
   Am 14; Const 1963, art 1, § 1; CL 1948, §§ 725.108–725.110,
   725.115).

2. SAME—SELECTION—CURRENT LIST OF ELECTORS.

   Jury selection for January, 1965, trial from 1962 list of electors
   *held*, not to have resulted in improper jury, notwithstanding
   statutory requirement that lists of jurors should be made
   biennially or more often if necessary, where current list was
   not available because of apportionment problems (CL 1948,
   § 725.103).

3. CRIMINAL LAW—NARCOTICS—POSSESSION AND INTENT.

   Proof of possession of narcotics without a license therefor is
   sufficient to sustain conviction under the uniform narcotic
   drug act, it being unnecessary to show accused possessed the
   narcotics with intent to place them in commerce and traffic
   (CLS 1961, § 335.153).

4. SAME—UNLAWFUL POSSESSION OF NARCOTICS—SUFFICIENCY OF
EVIDENCE—LACK OF LICENSE.

   Defendant's claim that the record did not show clearly that de-
   fendant did not have license to possess narcotics *held*, refuted

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur, Jury § 164.
[2] 31 Am Jur, Jury § 89.
[3, 4] 17A Am Jur, Drugs and Druggists § 34.
[5] 20 Am Jur, Evidence § 396.
[6] 5 Am Jur 2d, Appeal and Error § 623.

by record containing ample evidence for jury to find defendant was not licensed (CLS 1961, § 335.153).

5. Searches and Seizures—Evidence—Police Officer's Senses.
   Defendant's claim that narcotics seized by police officer should be suppressed as evidence *held*, not valid, where police officer discovered evidence by the use of his sense of sight while defendant was stopped for a traffic light, and not while officer was engaged in a searching operation (CLS 1961, § 335.153).

6. Appeal and Error—Failure to Give Instructions—Objection at Trial.
   Defendant is precluded from claiming error on appeal based on trial judge's failure to give an instruction when defendant was afforded an opportunity to object to charge given before jury retired and made no objection (GCR 1963, 516.2).

Appeal from Recorder's Court; Krause (Paul E.), J. Submitted Division 1 January 4, 1966, at Detroit. (Docket No. 435.) Decided February 22, 1966. Leave to appeal granted by Supreme Court May 23, 1966. See 377 Mich 710.

Sanders Mallory, Jr., was convicted of possession of narcotics without a license. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*Milton E. Henry, Lawrence W. Massey,* and *Edward F. Bell,* for defendant.

Quinn, J. Defendant appeals from his conviction and sentence for possession of narcotics (CLS 1961, § 335.153 [Stat Ann 1957 Rev § 18.1123]) in recorder's court of Detroit. He contends that the jury which convicted him was improperly drawn, and that the record does not sustain a conviction for violation of the above statute because mere possession is shown

and it is not shown that defendant did not possess a license. Defendant further contends that the trial court improperly denied his motion to suppress evidence on the basis of alleged unlawful search and seizure, and that the trial court erred in not giving one of defendant's requests to charge. These contentions frame the issues for decision.

May 8, 1964, four police officers were proceeding north on Twelfth street in Detroit in a police cruiser. As they passed the intersection of Twelfth and Buena Vista, a brown Cadillac convertible was observed on Buena Vista. It was stopped facing west on the east side of Twelfth. The driver of the cruiser continued to observe the brown Cadillac in his rear view mirror and saw it cross Twelfth and stop with its front end approximately at the crosswalk and its rear extending into Twelfth street. Immediately returning to the intersection of Twelfth and Buena Vista, the officers saw the brown Cadillac improperly back into Twelfth street and start north. The police car pursued the Cadillac and came along side it when the Cadillac stopped for a red light at Davison. At this point, one of the officers observed defendant, a passenger in the Cadillac, reach in his pocket and withdraw a tinfoil package about eight inches long and three or four inches wide. Thereupon, the officer called out "narcotics", jumped from the car, and while running to the Cadillac, saw defendant open the package. The officer saw white powder drip from the package. The driver of the Cadillac and defendant left it and started to run. The officer retrieved the package from the front seat, where defendant had dropped it. The package was still dripping white powder, and the officer closed it and placed it in his pocket. Defendant and the driver were arrested. Chemical analysis of the contents of the tinfoil package and white powder scraped from

the front seat of the Cadillac disclosed both were a mixture of cocaine, procaine, and lactose. Defendant was charged, tried, and convicted of violating CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123) which reads so far as pertinent:

"Any person not having a license as required under the provisions of Act No. 343 of the Public Acts of 1937, as amended, being sections 335.51 to 355.78, inclusive, of the Compiled Laws of 1948,[1] who shall possess or have under his or her control any narcotic drug shall be deemed guilty of a felony."

Selection of jurors to serve in recorder's court of Detroit is accomplished under municipal court jury code, CL 1948, § 725.101 *et seq.* (Stat Ann 1962 Rev § 27.3971 *et seq.*). The code requires that electors of good character, approved integrity, sound judgment; who are well informed, conversant with the English language, possessed of their natural faculties, judicious and discreet, not infirm or decrepit, who have not applied to be placed on a jury list, and who have not served on any jury during the preceding 3 years, shall be selected as jurors. CL 1948, § 725.115 (Stat Ann 1962 Rev § 27.3985). To determine these qualifications, a questionnaire is first used. CL 1948, § 725.108 (Stat Ann 1962 Rev § 27.3978). Prospective jurors may be disqualified by their answers to the questionnaire. CL 1948, § 725.109 (Stat Ann 1962 Rev § 27.3979). Those surviving the questionnaire are called in for oral examination under oath concerning their qualifications. CL 1948, § 725.110 (Stat Ann 1962 Rev § 27.3980). Prospective jurors are questioned as to their criminal records and the criminal records of their immediate family, and disclosure of a criminal record on the part of the juror

---

[1] Uniform narcotic drug act, CL 1948 and CLS 1961, § 335.51 *et seq.* (Stat Ann 1957 Rev and 1963 Cum Supp § 18.1071 *et seq.*)—REPORTER.

or some member of his immediate family may result in disqualification. Defendant contends this practice results in a systematic exclusion of a class from jury service and is a denial of equal protection of the law[2] as demonstrated by *Hernandez* v. *State of Texas* (1953), 347 US 475 (74 S Ct 667, 98 L ed 866). The record here demonstrates compliance with statutory requirements for jury selection rather than systematic exclusion as contended for by defendant.

Under the municipal court jury code, the source of prospective jurors is the list of electors. CL 1948, § 725.103 (Stat Ann 1962 Rev § 27.3973). Pertinent language thereof for present discussion is:

"On or before the last day of December, 1931, and biennially thereafter, or oftener if deemed necessary by the board, said board shall secure from the city officers having custody of the registration books or cards, a list containing the names and addresses of all electors of the city shown on such registration books or cards."

Defendant contends the 1963 list of electors should have been used to provide jurors for the panel in his case rather than the 1962 list which was used.[3] He cites no authority to establish that such a fact results in an improper jury and this Court has found none. While a reasonable application of the language above quoted to this case would indicate the 1963 list should have been used, the record indicates that prevailing apportionment problems delayed the compilation of the 1963 list and it was not available when the panel of jurors here involved was selected.

It is defendant's position that the statute under which he was convicted requires a showing that he possessed the narcotics with intent to place them in commerce and traffic, and since the record shows

---

[2] US Const, Am 14; Const 1963, art 1, § 1.—REPORTER.

[3] Defendant was tried January 14, 1965.

mere possession, it does not support the conviction. The language of the statute precludes acceptance of this argument. Possession is sufficient to sustain conviction.

Defendant's claim that the record does not show clearly that he was not licensed is refuted by the record. It contains ample evidence from which a jury could find he was not licensed.

There is nothing in this record to support defendant's claim of illegal search and seizure. The evidence defendant sought to suppress was located not by search but by the officer's senses. He saw it before arrest and while defendant's vehicle was stopped for a red light. Actually, this case is even stronger than *People* v. *Kuntze* (1963), 371 Mich 419, and *Kuntze* refutes defendant on this point just discussed.

It is not necessary to discuss defendant's claimed error dealing with his requested charge that was not given. He was afforded an opportunity to object to the charge given before the jury retired, and he made no objection. He is now precluded from claiming error on this point. GCR 1963, 516.2.

Affirmed.

Lesinski, C. J., and J. H. Gillis, J., concurred.