PEOPLE *v.* TISI

1. ARREST—WITHOUT WARRANT—REASONABLE BELIEF—VALIDITY.
   Arrest without a warrant *held*, valid and reasonable where the
   arresting officer knew of a murder, had received information
   as to the identity of a vehicle connected with the murder from
   his superior, had established defendant's ownership of the
   vehicle by questioning neighbors and subsequently followed
   his superior officer's order to make the arrest if the vehicle
   was determined to belong to defendant.

2. SEARCHES AND SEIZURES—EVIDENCE—POLICE OFFICER'S SENSES.
   Defendant's claim that a knife, found in his car by a police
   officer, should be suppressed as evidence *held*, not valid, where
   vehicle was a relevant and valid object of officer's interest,
   the search was proximate to and substantially contemporane-
   ous with the arrest and resulted from the officer's use of his
   sense of sight in seeing the knife inside defendant's car.

3. WITNESSES—COMPETENCY—DEAF MUTE.
   Testimony of a deaf mute witness is competent and admissible
   when it appears that he knows the obligation of his oath
   and his answers are such as to give the impression that he
   possesses all his faculties, save speech and hearing.

Appeal from Macomb, Howard R. Carroll, J.
Submitted Division 2 February 10, 1969, at Detroit.
(Docket No. 4,829.)    Decided February 28, 1969.
Leave to appeal granted September 16, 1969.    See
382 Mich 782.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest §§ 22–25.
[2] 47 Am Jur, Searches and Seizures §§ 52, 54, 63, 66.
[3] 58 Am Jur, Witnesses § 115.

Lloyd Ernest Tisi was convicted of murder in the second degree. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*Loren E. Bodem,* for defendant on appeal

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM.  A woman's body with several knife wounds was found at her residence in Warren and defendant was arrested later in the same day at his home.  A hunting knife was found in defendant's car, parked outside his home, after an officer saw it through the window.  A motion to suppress the knife was denied and defendant was convicted of murder in the second degree.*

On appeal, defendant contends his arrest was invalid and the resulting search of the automobile was illegal.  Specifically, he states that the officer did not have probable cause for the arrest without a warrant.

The record belies this contention.  The officer knew of the murder and had been given the identity of the car.  Defendant's neighbors knew the car and verified that it belonged to the named person.  The information came from the arresting officer's superior who had ordered him to arrest the defendant if ownership of the vehicle was determined.  Two cases are authority for such an arrest.  *People* v.

---

* CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

*Wolfe* (1967), 5 Mich App 543, and *People* v. *Bracy* (1967), 8 Mich App 266. We are satisfied that the arrest was based on reasonable belief and was valid.

The issue of unreasonable search of the automobile, yielding the knife, can likewise be disposed of. Defendant claims that the removal of the knife was not incident to his arrest. The car, however, was a relevant and valid object of the officer's interest. The search was in the proximity of the arrest, was substantially contemporaneous and resulted from the officer's use of his sense of sight in seeing the knife inside the car. See *People* v. *Kuntze* (1963), 371 Mich 419, and *People* v. *Mallory* (1966), 2 Mich App 359.

A final issue on appeal asks whether a witness, a deaf mute, was competent. There appears to be little question but that the witness knew of the obligation of an oath and his answers, while ragged, were such as to give the impression he was in possession of all his faculties, save speech and hearing. There was no abuse of discretion by the court in receiving his testimony.

Affirmed.