PEOPLE *v.* ALLAR

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—RIGHT TO REMAIN SILENT—WITNESSES—FAILURE TO CALL.

An instruction to the jury that a defendant has exercised his constitutional right to remain silent, that he has not called any witnesses, but that the jury should not draw any adverse conclusion from defendant's failure to testify, cannot be classed as an affirmative instruction that the jury could consider defendant's failure to call witnesses merely because it was only instructed not to consider defendant's failure to testify.

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY—OBJECTION—COURT RULES—WAIVER.

A defendant who fails to object to jury instructions when the trial court gives him that opportunity waives his right to object to those instructions on appeal (GCR 1963, 516.2).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 699–701.
[2] 53 Am Jur, Trial § 824.
[3] 53 Am Jur, Trial § 1094.

3. Criminal Law—Possession of Stolen Motor Vehicle—Verdict —Form—Erroneous Statement.

A jury verdict finding defendant "guilty of possession" was properly corrected as to form when the court considered the verdict as a finding of "guilty of possession of a stolen motor vehicle" and properly questioned the jury to insure that such an interpretation was correct.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 October 15, 1969, at Detroit. (Docket No. 5,808.) Decided October 29, 1969. Leave to appeal denied January 21, 1970. See 383 Mich 758.

Ronald Keith Allar was convicted by a jury of possession of a stolen motor vehicle and of attempted driving away of a stolen motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: Lesinski, C. J., and J. H. Gillis and Danhof, JJ.

Lesinski, C. J. Ronald Allar and another man were convicted after a jury trial of possession of a stolen motor vehicle and attempted driving away of a stolen motor vehicle in violation of MCLA § 257.254 (Stat Ann 1968 Rev § 9.1954), and MCLA § 750.92 (Stat Ann 1962 Rev § 28.287). This appeal is taken as of right.

The trial court's instructions to the jury included the following statement:

"In this case each of the defendants has elected to exercise his constitutional right to remain silent—to refrain from testifying. And neither defendant has called any witnesses. No conclusion is to be drawn by you from the failure of either of these defendants to testify."

Defendant argues that this charge, in effect, told the jury they could draw a conclusion from the failure of defendant to call witnesses. This arises from the close reasoning that since the trial court pointed out that the defendants neither testified nor called witnesses, but only instructed the jury not to consider defendants' failure to testify, that they were told they could consider the lack of witnesses.

We disagree. Even if the jury had picked up this rather subtle negative implication, it cannot be classed as an affirmative instruction that the jury could consider the failure to call witnesses. The instant case is fundamentally different from *People* v. *Hendrickson* (1884), 53 Mich 525, cited by defendant where the trial court specifically instructed the jury that they were to consider as evidence defendant's failure to call a certain witness.

Moreover, although given the opportunity by the trial court, no objections to the instructions were raised by this defendant. Defendant's failure of timely objection waives his right to object to the instructions on appeal. *People* v. *Jefferson* (1969), 18 Mich App 9; *People* v. *Mallory* (1966), 2 Mich App 359; GCR 1963, 516.2.

There was some confusion below when the jury announced its verdict. To avoid misunderstanding, the court had the jury announce its verdict a second time whereupon the following took place:

"*Jury seat no. 12:* We find Ronald Allar guilty first of possession, and second, attempting to drive away said vehicle.   \*   \*   \*

"*Court Clerk:* Okay. Now the rest of you jurors, will you rise and raise your right hands, please (indicating)?

"*Jurors: (Indicating).*

"*Court Clerk:* Members of the jury, harken to your verdict as recorded by the court: You do say upon your oaths that you find the defendant, Ronald K. Allar and William F. Lerchenfeld, guilty of possession and—

"*The Court (interposing)* : Possession of a stolen motor vehicle.

"*Court Clerk (continuing)* :—and attempted driving away a stolen motor vehicle. So say you, Mr. Foreman?

"*Jury seat no 12:* I do."

Each member of the jury then affirmed this as his verdict.

Defendant argues that the verdict was not in the proper form, since there is no such crime as "possession". He further asserts that the question presented by the court clerk did not cure the error.

This case falls squarely within the rule set out in *People* v. *Bastian* (1951), 330 Mich 457, 463:

"The trial court in his charge to the jury stated specifically the forms of possible verdicts in the case. When the jury reported, however, the foreman stated in answer to the usual question of the clerk 'We find the defendant guilty on intent to commit the crime of rape'. It is now contended on behalf of the defendant that the verdict was not in proper form, that it should be construed as a failure to find defendant guilty of any offense, and that it should be regarded as tantamount to a verdict of not guilty. The claim is not tenable. The record discloses that the clerk considered the verdict as a finding of guilty of assault with intent to commit the

crime of rape, and inquired from the jurors if such was their finding. To such question the jurors answered affirmatively. The response from all of the members of the jury indicates conclusively that they intended to return the verdict as the clerk recorded it. The failure of the foreman to accurately describe the offense of which the jury found defendant guilty does not entitle him to be discharged."

The inquiry by the court clerk was properly corrected by the trial court. Thus, the court below considered the verdict as a finding of possession of a stolen motor vehicle, and properly questioned the jury to insure that such an interpretation was correct. The answer by the jury was affirmative.

The record reveals that defendant was given a fair and impartial trial and that no miscarriage of justice occurred.

Affirmed.

All concurred.