## PEOPLE v. CHARLES JACKSON

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION—COURT RULES.

    A defendant is precluded from claiming error on appeal based on trial judge's failure to give an instruction when defendant was afforded an opportunity to object to charge given before jury retired and made no objection (GCR 1963, 516.2).

2. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION—COURT RULES—MANIFEST INJUSTICE.

    The Court of Appeals will review error in instructions to the jury, even though the court rule requiring objection was not complied with, to prevent manifest injustice in cases where there was an omission or error in the instructions on basic and controlling issues (GCR 1963, 516.2).

3. APPEAL AND ERROR—INSTRUCTIONS TO JURY—MANIFEST INJUSTICE.

    The Court of Appeals views instructions to the jury as a whole, and will not reverse where two excerpts from the instructions standing alone are in error on basic and controlling issues, but in context are not erroneous.

Appeal from Wayne, Thomas E. Brennan, J. Submitted Division 1 January 7, 1970, at Detroit. (Docket No. 6,046.)    Decided January 27, 1970. Leave to appeal denied August 19, 1970.    383 Mich 820.

Charles Jackson, Jr., was convicted of robbery unarmed.    Defendant appeals.    Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Ap-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 891.
[3] 5 Am Jur 2d, Appeal and Error § 894.

pellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Richard Thompson,* for defendant on appeal.

Before: Lesinski, C. J., and J. H. Gillis and Quinn, JJ.

Per Curiam. Convicted by jury verdict of and sentenced for robbery unarmed, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798), defendant appeals. He contends on appeal that the trial judge erred reversibly in two instructions given to the jury, and he admits no requests to instruct were made nor was there objection to the instructions as given.

Commencing with *People* v. *Mallory* (1966), 2 Mich App 359, this Court has consistently held that to preserve alleged errors in instructions for review, the mandates of GCR 1963, 516.2 must be complied with. The exceptions to this consistent holding have involved omissions to instruct or errors in instructing on basic and controlling issues. In the latter situation, we have noted the error although GCR 1963, 516.2 was not complied with to prevent manifest injustice. This, we believe, is consistent with the intent and philosophy of MCLA §§ 768.29 and 769.26 (Stat Ann 1954 Rev §§ 28.1052 and 28.1096) and GCR 1963, 529.1. It is also consistent with the unanimous view of the Supreme Court. *Hunt* v. *Deming* (1965), 375 Mich 581.

In the case before us, defendant relies on two excerpts from the instructions. Standing alone they are erroneous on basic and controlling issues. In context with the entire instruction, they are not erroneous. We view the instructions as a whole. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519.

Affirmed.