PEOPLE v. NICHOLSON

Homicide — Felony — Murder — Manslaughter — Instructions
   to Jury.

 Trial court's failure to instruct the jury that they could find the
   defendant guilty of first-degree murder on a theory of felony-
   murder was not error, even though the prosecution's proofs
   would have supported a verdict of first-degree murder, where
   the information charged only manslaughter and where there
   was adequate evidentiary basis for a verdict of manslaughter
   (MCLA § 750.321).

Appeal from Recorder's Court of Detroit, Elvin
L. Davenport, J.  Submitted Division 1 August 11,
1970, at Lansing.  (Docket No. 7,241.)  Decided
December 3, 1970.

Kenneth F. Nicholson was convicted of man-
slaughter.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department and *Luvenia D.
Dockett,* Assistant Prosecuting Attorney, for the
people.

*Burton L. Borden,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 286.

Before: DANHOF, P. J., and BRONSON and Mc-GREGOR, JJ.

PER CURIAM. Defendant was found guilty by a jury of manslaughter[1] and sentenced to 10 to 15 years in prison. The information filed against defendant charged only manslaughter. However, the proofs offered by the prosecution would have supported a verdict of murder in the first degree on a theory of felony-murder. Defendant appeals on the basis that if the prosecution's proofs were believed by the jury, he would be guilty of first-degree murder, not manslaughter.

There is no merit in the defendant's contention that the judge should have instructed the jury on felony-murder, a greater crime than the one with which the defendant was charged. There was an adequate evidentiary basis for the jury to find the defendant guilty of manslaughter. Therefore, it was proper for the trial court to allow the jury to exercise its function as the trier of fact.

The other errors raised by defendant to the trial court's charge to the jury are of such an unsubstantial nature that they could only be preserved for review by a timely objection at the trial level. Finding no such objection, we will not hear any allegations of error for the first time on appeal. *People* v. *Charles Jackson* (1970), 21 Mich App 132.

Affirmed.

---

[1] CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).