PEOPLE *v.* MILLER

PEOPLE *v.* STURGEON

OPINION OF THE COURT

1. BURGLARY—BREAKING AND ENTERING—INTENT TO COMMIT LAR-
CENY—INSTRUCTIONS TO JURY.

Instructions to the jury in defendants' trial for breaking and
entering with intent to commit larceny necessitated reversal
where the trial court read the information charging the de-
fendants with breaking and entering an occupied dwelling
house *with intent to commit larceny therein,* read the appli-
cable statute including the portion mentioning the intent ele-
ment, the court defined all the terms in the crime, except the
intent to commit larceny, the court referred to the offense
as breaking and entering without any reference to the intent
to commit larceny, the jury was told it could find defendant
guilty or not guilty of breaking and entering, without any
mention of any intent to commit larceny, and the trial court
did not instruct the jury as to the standards to be employed
to determine whether the necessary intent element was present,
even though the defendant did not request an instruction on
the intent to commit larceny (MCLA § 750.110).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY.

The statutory provision requiring the trial court to instruct
as to the applicable law and the statutory provision precluding
an appellate court from setting aside a judgment because of
the failure to instruct on a nonrequested point must be read
together; there are some matters that are so basic that an
instruction must be given even though an instruction was not
requested (MCLA § 768.29).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4–6] 53 Am Jur, Trial §§ 641, 647.
[2] 53 Am Jur, Trial §§ 513–515.
[3] 53 Am Jur, Trial §§ 639–645.

3. Criminal Law—Instructions to Jury—Elements of Offense—Duty to Charge.

> The trial court has an obligation to give a correct instruction on the elements of the offense charged.

4. Burglary—Breaking and Entering—Intent to Commit Larceny—Instructions to Jury.

> Breaking and entering an occupied dwelling house with intent to commit larceny is a specific intent crime; the trial court's charge to the jury must include an instruction on the intent element (MCLA § 750.110).

### Dissent by O'Hara, J.

5. Burglary—Breaking and Entering—Intent to Commit Larceny—Instructions to Jury—Appeal and Error—Issue Not Raised.

> *Failure to instruct the jury, in a trial for breaking and entering with intent to commit larceny, on the intent element was not reviewable by the appellate court where the issue was not raised or briefed.*

6. Trial—Instructions to Jury—Appeal and Error.

> *Error cannot be predicated upon the failure to instruct the jury on a particular issue where no objection to the charge was made.*

Appeals from Genesee, Donald R. Freeman, J. Submitted Division 2 June 8, 1971, at Lansing. (Docket Nos. 8705, 8772.) Decided August 30, 1971. Leave to appeal denied, 386 Mich 764.

Earl D. Miller and James L. Sturgeon were convicted of breaking and entering an occupied dwelling house with intent to commit larceny. Defendants appeal. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *James I. Bearinger,* Assistant Prosecuting Attorney, for the people.

*Carl H. Leiter,* for defendant Miller on appeal.

*William O. Kelley, Jr.,* for defendant Sturgeon on appeal.

Before: Danhof, P. J., and Bronson and O'Hara,* JJ.

Danhof, P. J.    After a jury trial the defendants were convicted of breaking and entering an occupied dwelling house with intent to commit larceny. MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28-.305). They now appeal.

The defendants have directed our attention to the trial court's instructions on the elements of the offense. The issue as framed by the defendants is lacking in merit. However, our examination of the instructions reveals a defect that is so basic that a reversal is required. After a careful examination of the trial court's instructions we must conclude that the court failed to instruct the jury on one of the elements of the offense.

When instructing the jury the trial court first read the information which stated that the defendants were charged with "breaking and entering an occupied dwelling house *with intent to commit larceny therein*". The court also read the statute, the pertinent portion of which reads: "with intent to commit *any felony or larceny therein*". No further mention was made of the element of intent to commit larceny.

The other elements of the offense were explained in some detail. The court defined the terms "breaking", "entering", and "an occupied dwelling house",

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

but no explanation of intent to commit larceny was given. Larceny was not defined and the jury was not instructed on the standards to be employed in determining if the necessary intent was present. Breaking and entering an occupied dwelling house with intent to commit larceny is a specific intent crime. But the jury was not instructed that they must find an intent to commit larceny in order to find the defendants guilty.

Furthermore, the trial court repeatedly referred to the offense as breaking and entering or as breaking and entering an occupied dwelling house without any reference to the element of intent to commit larceny. The jury was told that they had two possible verdicts, guilty of breaking and entering or not guilty of breaking and entering, with no mention of any intent to commit larceny. The jury brought in a verdict of guilty of breaking and entering.

We must review jury instructions as a whole, and not seize upon isolated language. *People* v. *Charles Jackson* (1970), 21 Mich App 132; *People* v. *Fred W. Thomas* (1967), 7 Mich App 519. In this case, when we consider the entire instruction, we cannot say that the court instructed the jury on the element of intent to commit larceny.

An instruction on intent to commit larceny was not requested. Normally, the failure to request an instruction, even an instruction to which a party is entitled as a matter of right, precludes an appellate court from setting aside a judgment because of the failure to instruct. MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052). However, the statute also requires that the trial court "instruct as to the law applicable to the case", and the two provisions must be read together. *People* v. *Guillett* (1955), 342 Mich 1; *People* v. *MacPherson* (1949), 323 Mich 438. There

are some matters that are so basic that an instruction must be given whether or not a request is made. One of these is the nature of the offense. The court has an obligation to give a correct instruction on the elements of the offense. *People* v. *Guillett, supra,* and *People* v. *MacPherson, supra.*

Because there must be a new trial one other matter must be mentioned. The question of allowing an inquiry into a defendant's prior arrests is controlled by our holding in *People* v. *Brocato* (1969), 17 Mich App 277, 302:

"We now hold that a defendant testifying at his own trial may not be asked if he has been arrested or charged with crime, where the arrest or charge has not resulted in a conviction and where the only purpose of the questions is to impeach the defendant's credibility as a witness."

The other issues raised do not merit discussion. Reversed and remanded for a new trial.

BRONSON, J., concurred.

O'HARA, J. (*dissenting*). I am unable to agree with the result reached by Judge DANHOF.

In case number 8772 (*Sturgeon*), five assignments of error were made. Two were concerned with alleged abuse of judicial discretion in the regulation of cross-examination and the permitting of testimony by a claimed accomplice who presumably overheard testimony in violation of an order excluding from the courtroom witnesses who were to testify later. One was founded on impermissible cross-examination, one on improper comments by the assistant prosecuting attorney, and one on a general allegation that there was insufficient evidence to sustain the conviction. The failure to instruct, on the

element of intent, was not raised or briefed. It is not properly before us. None of the other assignments of error are meritorious as to defendant Sturgeon, and I would affirm his conviction without discussion of the claimed erroneous charge and the claimed infirm verdict said to have resulted therefrom.

In case 8705 (*Miller*), the ground on which Judges Danhof and Bronson reverse is raised and briefed, or, if not briefed, at least argued. It is before us if it were saved for review. The claimed error must have grown out of the charge as given. At the conclusion of the instruction the trial judge specifically asked defense counsel for appellant Miller whether he had any objection to the charges or wanted any additions, deletions, or corrections. The record discloses that counsel replied, "None, your Honor".

I am of the impression that it is settled in our own jurisdiction that where no objection to a charge is made, no error can be predicated thereon. As lately as *People* v. *Allar* (1969), 19 Mich App 675, 677, this Court, speaking through the Chief Judge, held unequivocally:

"Moreover, although given the opportunity by the trial court, no objections to the instructions were raised by this defendant. Defendant's failure of timely objection waives his right to object to the instructions on appeal." *Allar, supra* (and supporting authority there cited).

I am aware that if an error in the trial court's charge is of such a basic character as to deprive the defendant of a fair trial, or due process in the constitutional sense, an appellate court can raise the issue *sua sponte*. Certainly I do not find this to be the case here. If the jury believed, as it quite apparently did, that the defendants broke and entered

the premises, it hardly follows that it imputed to them no felonious intent. The entry into the premises was certainly not social in nature. I find no reversible error. This is a clear case of judgment of the credibility of witnesses. That judgment was made by the jury. We should not disturb it.

I would affirm.