## PEOPLE *v.* PRATT.

1. CRIMINAL LAW—WEIGHT OF EVIDENCE.

    In prosecution for robbery armed, where evidence would have justified verdict either of guilty or not guilty, verdict of guilty was not against weight of evidence.

2. SAME—FACT OF COMMISSION OF CRIME SHOULD BE PROVED UNLESS CONCEDED.

    In criminal case it is incumbent upon people to prove beyond reasonable doubt both that crime charged was committed and that defendant committed it, and both are put in issue by plea of not guilty, each being question of fact for jury, unless defendant in his testimony or by formal admission on record concedes it.

3. SAME—UNCONTRADICTED TESTIMONY OF COMMISSION OF CRIME DOES NOT WARRANT CHARGE THAT IT IS ESTABLISHED.

    Where testimony of commission of crime is not contradicted, either by evidence or circumstances, court may properly call attention of jury to fact that it is undisputed, but this does not warrant charge that offense has been established beyond reasonable doubt, since, unless conceded, it is still question for jury, because credibility of witnesses is involved.

4. SAME—CREDIBILITY OF WITNESSES FOR JURY.

    Where, in prosecution for robbery armed, there were discrepancies in testimony of prosecutrix and her companion, and the circumstances were unusual, their credibility as to whether offense was committed was for jury, although their testimony was undisputed.

5. SAME—STATEMENTS OF COUNSEL NOT TO BE TAKEN AS CONCESSIONS.

    Statements made by defendant's counsel in heat of argument should not be taken as concessions to deprive defendant of his basic right to acquittal unless jury finds offense proved beyond reasonable doubt, where record does not show that they were called to counsel's attention and permitted to stand as concessions.

6. SAME—DEFENSE OF ALIBI DOES NOT ADMIT COMMISSION OF CRIME.

Failure to submit to jury question of fact of commission of offense, although undisputed by defendant, who relied on defense of alibi, was reversible error, under circumstances of case.

7. SAME—EVIDENCE—IDENTITY.

Where guilty party was described to police by prosecutrix and her companion as having curly hair, testimony by mother of defendant that he never had curly hair was admissible and should have been received.

Error to Superior Court of Grand Rapids; Verdier (Leonard D.), J. Submitted June 12, 1930. (Docket No. 105, Calendar No. 34,618.) Decided June 27, 1930.

Herbert Pratt was convicted of robbery armed. Reversed, and new trial granted.

*Floyd H. Skinner* (*Joseph R. Gillard* and *George S. Baldwin,* of counsel), for appellant.

*Wilber M. Brucker,* Attorney General, *Bartel J. Jonkman,* Prosecuting Attorney, and *Thaddeus B. Taylor,* Assistant Prosecuting Attorney, for the people.

FEAD, J. Defendant was convicted of robbery armed and sentenced to life imprisonment.

The complaining witness and another young woman occupied a room with two beds on the ground floor of a house in Grand Rapids. Across a small hall from them abode a man. While there were discrepancies in the testimony of the women, they stated, in substance, that, about 5:45 o'clock in the morning of April 25, 1929, a man rapped on their window, pretending to have a telegram; he

was not in uniform; they saw him through the window and did not know him; one of them told him to go to the front door; she let him in, he took her by the hand, led her back into the room, displayed an open hunting knife with a four-inch blade, and threatened to hurt her if she gave an alarm; he stayed in the room about two hours, or until 8 o'clock; he demanded their money and rifled their purses, taking some money and a ring of small value; before doing so, he had bound their hands, put them upon the beds, and their backs were turned toward him when he took the money, so they did not see it, but they missed it after he had gone; he struck prosecutrix while he was searching for money; he tore a dress to strips, bound the women hand and foot, gagged and blindfolded them, put one on each bed, then moved them about in the room; he cut the nightgown of complainant to strips so that she was practically naked; he moved her to a davenport and wrapped her in a sheet because she was shivering; he laid her on the floor on a cover from the bed, got a pillow for her head at her request, and unbound her eyes, mouth, and feet on her promise not to scream; then attempted an indecent assault on her, which was unsuccessful; he choked her; the assault was about 8 o'clock; while he was attempting the assault the landlord's daughter appeared in the front hall, the women screamed and the man fled through the window. They further stated that, soon after he came, the man attempted to pull down a curtain, tore it off the window, and this made the room light so they could clearly see the assailant; he also called their attention to his appearance so they could identify him later. They told the police that he did not look like a colored man, although he was dark. They

testified at the trial that he was obviously colored. The torn dress and nightgown were not produced.

The landlord's daughter testified that she went down into the front hall about 8 o'clock, heard a gasp, pounding, and a man's voice, called her parents who demanded admittance, and she suggested they break down the door. She said nothing of hearing a scream nor of the condition of prosecutrix's dress.

Defendant, a colored man, was arrested a week later. There was some uncertainty as to his identification, but the young women testified positively he was the assaulter. His defense was an alibi.

Most of the assignments of error are so clearly unfounded as to merit no discussion except to say that defendant's complaint that the people injected race feeling into the case is without basis in the record. The trial was conducted with admirable calmness and fairness and a complete absence of attempt at prejudice. The verdict was not against the weight of the evidence, as the testimony presented fair issues of fact for the jury, and would have justified a verdict either of guilty or not guilty.

Defendant preferred no requests to charge. Nowhere in the charge did the court leave to the jury the question of whether the alleged crime had been committed, but he instructed:

"The question in this case, therefore, is not whether the offense alleged in this information was committed. It is not disputed but what these young women were assaulted and robbed at the point of a dangerous weapon of this money and this ring by some person. The question in this case is whether or not they were assaulted by the respondent."

In every criminal case it is incumbent upon the people, to warrant a conviction, to prove beyond a reasonable doubt both that the crime charged was committed and that the defendant committed it. Both are put in issue by a plea of not guilty. Each is a question of fact for the jury, unless the defendant in his testimony or by formal admission on the record concedes it.

Where the testimony of the commission of the crime is not contradicted, either by evidence or circumstances, the court may properly call the attention of the jury to the fact that it is undisputed. *People* v. *Bryan,* 170 Mich. 683. But this does not warrant a charge that the offense has been established beyond a reasonable doubt. Unless conceded, it is still for the jury to determine, because the credibility of the witnesses is involved. *People* v. *Mindeman,* 157 Mich. 120; *People* v. *Kongeal,* 212 Mich. 307.

In some cases (as in *People* v. *Goldman,* 248 Mich. 553, and *People* v. *Cabassa,* 249 Mich. 543) where the testimony of obviously credible witnesses was direct, consistent, and convincing, undisputed either by witnesses or by circumstances developed by the people's testimony and by the reasonable inferences therefrom, a charge that the issue of alibi was the only question for the jury has been held not reversible error, as it did not result in a miscarriage of justice. Act No. 175, Pub. Acts 1927, chap. 9, § 26. In *People* v. *Kolodzieski,* 237 Mich. 654, the syllabus is somewhat misleading, as the record demonstrates that the court left the whole issue to the jury under full instructions.

The practice of charging, in the absence of concession, that the offense has been established has too many possibilities of error and unfairness to be

commended. The instant case is illustrative. Defendant produced no testimony to contradict the people's witness as to the commission of the offense. If his alibi was true, he had no means of disputing it. But there were enough discrepancies in the testimony, and the circumstances were so unusual, that reasonable minds might fairly doubt that the offense charged had been committed. The defendant was entitled to that doubt if the jury should entertain it. The credibility of the prosecutrix and her companion was for the jury.

In his ruling on motion for new trial the court stated that, in confining the issue to one of alibi, he was merely quoting from the language of defendant's attorney in his argument to the jury. The record of the trial does not contain the argument nor the concession. The court, in his charge, did not suggest such an admission. We do not think that statements made by counsel in the heat of argument, often made merely for the purpose of the argument although sometimes not so reserved in express words, should be used to deprive defendant of his basic right to acquittal unless the jury finds the offense proved beyond a reasonable doubt, where the record of the trial does not show that they were called to counsel's attention and permitted to stand as a concession.

The fact of the commission of the crime as well as defendant's responsibility should have been submitted to the jury under proper instructions. For the error in the charge the case must be reversed.

An item of identification of the assailant as given by prosecutrix and her companion to the police was that he had curly hair. Defendant presented his mother as a witness to the claim that his hair

never had been curly. Her testimony was rejected. It was competent and should have been received.

The conviction will be reversed, a new trial had, and defendant will be remanded to the sheriff of the county to be confined in jail pending trial or until admitted to bail in due course of law.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.