## PEOPLE *v.* WOJNICZ.

1. CRIMINAL LAW—TRIAL—INSTRUCTIONS—COMMENT ON EVIDENCE.
   Mention in trial judge's instruction to jury in prosecution for forcible rape that "there was an assault" exceeded his authority to comment on evidence since the law permits comment that evidence is undisputed, if that is the fact, but does not permit stating as a fact that which undisputed evidence tends to prove (CLS 1961, § 750.520; CL 1948, § 768.29; GCR 1963, 516.1).

2. SAME—INSTRUCTIONS—OBJECTION—WAIVER.
   Defendant did not waive objection to statements of fact in trial judge's instructions to jury by failure to object when opportunity to do so was afforded at trial for rape since the objection was to erroneous comment on evidence and not to instructions on law, and the court rule does not govern such objections (CLS 1961, § 750.520; GCR 1963, 516.2).

Appeal from Macomb, Spier (James E.), J. Submitted Division 2 February 6, 1968, at Lansing. (Docket No. 3,170.) Decided July 24, 1968.

Kenneth Wojnicz was convicted of forcible rape. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus Hamera,* Chief Appellate Lawyer, and *Max D. McCullough,* Assistant Prosecuting Attorney, for the people.

*Wall, Dean & Cyrul,* for defendant on appeal.

QUINN, P. J. April 28, 1966, a jury found defendant guilty of forcible rape.[1] Judgment of sentence

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 587–589, 591, 592.
[2] 53 Am Jur, Trial §§ 134, 135, 591.

followed, and defendant's motions for new trial were denied. This appeal questions the validity of the conviction and sentence because of alleged error in jury instructions.

It would serve no useful purpose to recite the sordid facts of the case beyond noting that the complaining witness, a 19-year-old divorcee with a 4-year-old daughter, left her parents' home at about 1:00 a.m. on the day of the alleged rape in response to a tooting horn and the flashing lights of an automobile to go for a ride with defendant, whose last name she did not know. During the 2-1/2 hours, or more, that the complaining witness was in the car, it was parked most of the time in an alley where the alleged rape occurred. After both parties drank at least 1 bottle of beer and at the request of defendant, the complaining witness kissed him a few times. Thereafter, defendant choked her, threatened to kill her and the first act of intercourse took place in the front seat of the automobile with both parties sitting up, the complaining witness sitting on defendant's lap. She had previously taken off her pants, and, at his request, she undid the zipper on his pants, but these events occurred while defendant was either choking her or holding her firmly by the throat and threatening her. A second act of intercourse occurred with the complaining witness lying on the front seat with her head toward the right front door; again defendant was either choking her or holding her by the throat and threatening her. Thereafter, defendant drove the complaining witness to the destination she requested and let her out of the car.

In defining rape in the jury instructions, the trial judge stated in part,

---

[1] CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).

"The word, of course, rape and carnal knowledge, means sexual intercourse and it is sexual intercourse if there is any penetration however slight of the female organ. There was obvious, from the testimony here, sexual intercourse. The question remains whether it was by force and violence."

In defining the included offense of assault with intent to commit rape,[2] the trial judge stated in part,

"You may find there was not rape committed here and may find there was an assault to commit rape. By that we mean if any person shall assault a female with intent to commit the crime of rape he shall be guilty of a felony. Now, that is one of the lesser included offenses. In other words, if you find there was an assault and surely there was an assault, * * * *"

We believe the quoted excerpts from the charge exceed the permissive authority granted a trial judge to comment on evidence as provided in CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052) and GCR 1963, 516.1. Such authority permits comment that evidence supporting a fact is undisputed, if this is the fact, but it does not permit stating as a fact that which the undisputed evidence tends to prove. *People* v. *Pratt* (1930), 251 Mich 243.

The people argue that defendant waived objection to the instructions because no objection thereto was made at trial and defendant was afforded the opportunity to object. GCR 1963, 516.2 would control except for the fact we deal here with comment on evidence, not instructions. See *People* v. *Oates* (1963), 369 Mich 214.

Reversed and remanded for new trial.

T. G. Kavanagh and Corkin, JJ., concurred.

---

2 CLS 1961, § 750.85 (Stat Ann 1962 Rev § 28.280).