PEOPLE v. HAMER

1. EVIDENCE—SUFFICIENCY—JURY—VERDICT—MANSLAUGHTER.
    Evidence sufficiently supported manslaughter verdict where the record showed that defendant had been drinking in at least two bars within an hour and a half before an automobile collision occurred in which a person died, that he had admitted consuming "a couple of beers", that there was alcohol on his breath, that his speech was slurred and rambling, that at the time of the collision he was driving an automobile at an excessive speed, and that he failed to brake.

2. TRIAL—EVIDENCE—COMMENT—ESTABLISHED FACT.
    Trial court may inform the jury that a fact is established if defendant admits its occurrence.

3. APPEAL AND ERROR—INSTRUCTIONS TO JURY—OBJECTIONS.
    Defendant's failure to object to jury instructions on ground of error precludes his raising the issue on appeal (GCR 1963, 516.2).

Appeal from Montcalm, Leo B. Bebeau, J. Submitted Division 3 June 4, 1969, at Grand Rapids. (Docket No. 4,892.) Decided October 1, 1969.

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 425 et seq.
[2] 53 Am Jur, Trial § 511.
[3] 5 Am Jur 2d, Appeal and Error § 891.

James Leon Hamer was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *C. Homer Miel,* Prosecuting Attorney, for the people.

*Karl E. Mikko,* for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

PER CURIAM. James Leon Hamer was convicted of manslaughter* arising out of the operation of an automobile while he was under the influence of intoxicating liquor. His main contention on appeal is that the evidence of his intoxication was insufficient to support the jury's verdict of guilty.

The record contains ample evidence to support the jury's finding: the defendant admitted that he had consumed "a couple of beers"; his breath smelled of alcohol; his speech was slurred and rambling; he had been drinking beer in at least two bars within an hour and a half before the accident occurred; the damage sustained by the several automobiles involved in the mishap indicated that defendant's rate of travel was excessive; the testimony of witnesses indicated that he failed to brake. Accordingly, this Court will not disturb the verdict. *People* v. *Arither Thomas* (1967), 7 Mich App 103; *People* v. *Cybulski* (1968), 11 Mich App 244.

Defendant asserts that the trial court exceeded the limits of proper comment on the evidence by noting, "Now, in this case also death resulted or a man died, put it that way." Defendant conceded at

---

* CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553).

the trial that the accident resulted in a death. The trial court may inform the jury that a fact has been established if the defendant admits its occurrence. *People* v. *Pratt* (1930), 251 Mich 243.

Defendant also contends that several of the court's instructions to the jury were erroneous. His failure to object to these instructions precludes raising the issue on appeal. GCR 1963, 516.2; *People* v. *Wynn* (1968), 14 Mich App 268; *People* v. *Cook* (1968), 10 Mich App 375.

Affirmed.