## PEOPLE v. TURRELL

1. CRIMINAL LAW—BURDEN OF PROOF.

The people, in every criminal prosecution, must prove beyond a reasonable doubt that the crime charged was committed and that the person or persons on trial committed it.

2. CRIMINAL LAW—QUESTION OF FACT.

A trial judge may properly call the attention of the jury to the fact that the commission of a crime is undisputed, but he cannot *sua sponte* take the issue finally and irrevocably from the jury deliberation.

3. CRIMINAL LAW—QUESTION OF FACT—ADMISSION OF COUNSEL.

Error of trial judge which effectively removed the issue of breaking and entering from the jury consideration did not require reversal where the defense counsel admitted that there was a breaking and entering.

4. CRIMINAL LAW — EVIDENCE — COMMENT — ESTABLISHED FACT — INSTRUCTIONS TO JURY.

A court may inform the jury in a criminal case that a fact has been established if the defendant admits its occurrences.

Appeal from Midland, James R. Rood, J. Submitted Division 3 June 18, 1970, at Lansing. (Docket No. 7,834.) Decided July 31, 1970.

Rodney Turrell was convicted of breaking and entering. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 1170 *et seq.*
[2–4] 53 Am Jur, Trial § 76 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *Robert J. Rhead,* Assistant Prosecuting Attorney, for the people.

*Wilson & Stone,* for defendant.

Before: FITZGERALD, P. J., and R. B. BURNS and DANHOF, JJ.

PER CURIAM. Defendant Rodney Turrell was charged with the crime of breaking and entering a building with the intent to commit a larceny therein* on February 12, 1968. The jury found defendant guilty as charged.

On appeal, defendant requests an answer to the following question:

"Was it error for the trial court to state to the jury, in answer to an objection by defense counsel, that 'there is no doubt in my mind that a breaking and entering took place; the only question in my mind is, was this man involved in it'?"

The people, in every criminal prosecution, must prove beyond a reasonable doubt that the crime charged was committed, and that the person or persons on trial committed it. *People* v. *Pratt* (1930), 251 Mich 243; *People* v. *MacPherson* (1949), 323 Mich 438, 452.

A trial judge may properly call the attention of the jury to the fact that the commission of a crime is undisputed, but he cannot *sua sponte* take the issue finally and irrevocably from the jury deliberation. *People* v. *Pratt, supra; People* v. *Wojnicz* (1968), 12 Mich App 423, 425.

---

* CL 1948, § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

The comment of the court in the present case did effectively remove the issue of breaking and entering from jury consideration. The *Pratt* and *Wojnicz* cases compel this Court to conclude that error was committed by the trial judge's statement, "There is no doubt in my mind that a breaking and entering took place".

This does not mean, however, that the case must be reversed. Defense counsel, in requesting instructions, made the following admission. "My client and I will stipulate that there was in fact a breaking and entering and that the only issue remaining is, did he, in fact, do that." We must assume that this statement was made knowingly and voluntarily. It is certainly clear and unambiguous. The court may inform the jury that a fact has been established if the defendant admits its occurrence. *People* v. *Pratt, supra; People* v. *Hamer* (1969), 19 Mich App 318, 319.

No specific request was made concerning included offenses and defendant stated that except for failure to produce a witness, he was satisfied with the instructions. Objections to trial instructions must be raised when they are given or the objections are waived. *People* v. *Keys* (1968), 9 Mich App 482; *People* v. *Brown* (1968), 13 Mich App 222; *People* v. *Tubbs* (1970), 22 Mich App 549.

Affirmed.