PEOPLE *v.* HOLLIS

HOMICIDE—FIREARMS—NEGLIGENT DISCHARGE—EVIDENCE.

Defendant's testimony that he was sitting on the edge of a bed with a shotgun which he had borrowed for hunting and was preparing to return on his lap, that, believing that there were only three shells in the gun, he ejected three shells and pulled the trigger, that the gun discharged, killing his girlfriend, that he thought the shotgun was pointed at the wall, and that he was unaware that the victim was present, expert witness's testimony that the gun was not more than six inches from the deceased when it went off, and evidence of other doubt of the defendant's statement that the shotgun was on his lap when it discharged was sufficient to support a conviction of negligently and carelessly discharging a firearm resulting in death (MCLA § 752.861).

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 December 15, 1970, at Detroit. (Docket No. 8781.) Decided January 27, 1971.

Herbert Hollis was convicted of negligently discharging a firearm resulting in death. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A.*

REFERENCES FOR POINTS IN HEADNOTE

40 Am Jur 2d, Homicide §§ 94–96.

Homicide by wanton or reckless use of firearm without express intent to inflict injury. 23 ALR 1554.

*Reuther,* Assistant Prosecuting Attorney, for the people.

*Thomas A. Neenan,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and JEANNETTE,* JJ.

PER CURIAM. The defendant, Herbert Hollis, was charged with killing one Marie Grubb by negligently discharging a firearm contrary to MCLA § 752.861 (Stat Ann 1962 Rev § 28.436 [21]) which provides:

"Sec. 1. Any person who, because of carelessness, recklessness or negligence, but not wilfully or wantonly, shall cause or allow any firearm under his immediate control, to be discharged so as to kill or injure another person, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison for not more than 2 years, or by a fine of not more than $2,000.00, or by imprisonment in the county jail for not more than 1 year, in the discretion of the court."

He was found guilty by a jury and sentenced to serve 1-1/2 to 2 years in Southern Michigan Prison.

The facts of the case are as follows: Defendant Hollis was the boyfriend of the deceased and sole witness to the shooting. On November 4, 1968, Hollis was in his bedroom preparing to return a shotgun he had borrowed to use on a hunting trip. Marie Grubb was in a small bathroom adjacent to the bedroom. Defendant told police that he was sitting on the edge of the bed with the shotgun lying across his lap. Believing that there were only three shells in the gun and that the safety was on, he ejected three shells from the gun and pulled the trigger. The gun discharged fatally wounding

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Marie Grubb in the chest. Hollis stated in a police report admitted into evidence that he thought that the gun was pointed at a wall and that he was unaware of his girlfriend's presence. Examination of the shotgun showed that there was still another live shell in the chamber after the shooting.

The prosecutor's expert witnesses testified that the gun was not more than six inches from the deceased when it went off. This testimony tended to refute defendant's statement to the police that he was unaware of Marie Grubb's presence. The prosecutor also elicited facts tending to cast doubt upon the defense's theory that the shotgun was on defendant's lap when it discharged. Defendant did not testify or offer any evidence in his behalf.

On appeal, defendant questions the sufficiency of the evidence to support the conviction and the propriety of the court's charge to the jury.

It is contended that the evidence produced at trial was insufficient to sustain a finding of guilt beyond a reasonable doubt. A review of the transcript indicates that there were more than sufficient facts before the jury which, if believed, would support a finding that the defendant was negligent and careless in the discharge of a firearm and that such negligence and carelessness resulted in the death of Marie Grubb. *People* v. *Eagger* (1966), 4 Mich App 449; *People* v. *Person* (1969), 20 Mich App 246.

Defendant's second contention is that the trial court erred in instructing the jury that a "high degree of care" would be necessary where a shotgun is involved. Defendant, however, failed to object to the instructions as given. Such failure is fatal to defendant's claim. GCR 1963, 516.2; *People* v. *Hamer* (1969), 19 Mich App 318.

Affirmed.