PEOPLE *v*. BRIAN HARRIS

CRIMINAL LAW—EVIDENCE—JUDGE'S COMMENTS—DISPUTED FACTS.

Trial judge's statements in his jury instructions that the prosecution had by its proofs established all the elements of an armed robbery constituted reversible error, even though the prosecution's evidence that the armed robbery had been committed was not contradicted by any testimony since defendant's defense was alibi, because the statute authorizing a trial court to comment upon the evidence permits the court to comment that evidence supporting a fact is undisputed, if that is the fact, but it does not permit the court to state as a fact that which the undisputed evidence only tends to prove (MCLA 768.29).

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 October 8, 1971, at Detroit. (Docket No. 10303.) Decided December 8, 1971.

Brian C. Harris was convicted of armed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 591 *et seq.*

Before: Lesinski, C. J., and V. J. Brennan and O'Hara,* JJ.

Per Curiam. Defendant was tried and found guilty by a jury in Recorder's Court in the City of Detroit of a charge of armed robbery (MCLA § 750.-529 [Stat Ann 1971 Cum Supp § 28.797]). The defendant presents three arguments on appeal, of which we consider only one.

The prosecution's evidence that the crime charged had been committed was not contradicted by any testimony. The defendant based his defense on alibi. The defendant argues that the following portion of the judge's charge to the jury constitutes reversible error:

"Now, the people have in their proofs shown to you the first element of the offense, which they are bound to establish. They have shown with their evidence that there was an assault. They have also shown by their evidence that there was a larceny; that is a forceful and unlawful taking of the money. They have also shown that a dangerous weapon was used in the robbery; that is a rifle of some description or another. There has also been testimony, which they have shown to you, that two persons participated in the robbery."

While the court may comment on the evidence (MCLA § 768.29 [Stat Ann 1954 Rev § 28.1052]), "[s]uch authority permits comment that evidence supporting a fact is undisputed, if this is the fact, but it does not permit stating as a fact that which the undisputed evidence tends to prove. *People* v. *Pratt* (1930), 251 Mich 243." *People* v. *Wojnicz* (1968), 12 Mich App 423, 425 .

Reversed and remanded.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.