PEOPLE v ALLEN

PEOPLE v SMITH

1. ROBBERY—INSTRUCTIONS TO JURY—JUDGE'S COMMENTS.

A comment in jury instructions that the prosecutor and the defense attorney both agreed that an armed robbery had been committed was not reversible error where the defense attorney in closing argument had admitted that an armed robbery had occurred in a certain supermarket at the time and date charged, which waived any error in the comment and rendered it harmless.

2. CRIMINAL LAW—TRIAL—REPRIMAND OF ATTORNEY—PREJUDICE—CURATIVE INSTRUCTION.

A trial judge's reprimand of defense counsel in the presence of the jury did not prejudice defendants where any potential prejudice to them was cured by an instruction that the jury should not consider the reprimand as a reflection upon the defendants and should not consider it in their deliberations.

3. CRIMINAL LAW—SEPARATE DEFENDANTS—SAME COUNSEL—JOINT TRIAL.

Consolidation of armed robbery charges against the two defendants, who were represented by the same attorney, did not deny defendants their constitutional rights to counsel on the ground that their individual defenses were so exclusive that one lawyer could not effectively represent both of them where the record did not demonstrate that actual prejudice had resulted from the consolidation.

4. CRIMINAL LAW—ALIBI—CORROBORATION—INSTRUCTIONS TO JURY.

An instruction to the jury that they could consider the reason or reasons why one of the defendants, whose defense was alibi, failed to produce witnesses to corroborate his alibi that he was

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur, Robbery §§ 58, 59.
[2] 53 Am Jur, Trial §§ 90, 507, 821.
[3] 53 Am Jur, Trial § 59 *et seq.*
[4] 53 Am Jur, Trial §§ 654–660.

with them and not at a supermarket when an armed robbery occurred, was not reversible error where defendant failed to object to that instruction at trial and no manifest injustice resulted.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 June 14, 1972, at Detroit. (Docket Nos. 12564, 12565.) Decided July 26, 1972. Leave to appeal denied as to Smith, 389 Mich 769.

Abraham Allen and Donald Smith were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendants on appeal.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

QUINN, J. A jury convicted defendants of armed robbery, MCLA 750.529; MSA 28.797. They were sentenced and they appeal. Three identical issues are raised by each defendant, and defendant Smith raises a fourth issue.

Defendant Allen testified that the robbery occurred but that he was an innocent bystander. Defense counsel admitted in closing argument that a robbery occurred, "Now, I won't argue with the prosecutor one bit that a robbery took place. I myself am firmly convinced from the testimony

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

that came from that stand there was a robbery of that supermarket at that time and that date." Defendant Smith testified that he was not in the store where the robbery occurred and that he had not taken any part in it.

We note these facts at the outset because in our opinion they are dispositive of the first issue common to both appeals. That issue relates to certain statements of the trial judge in the instructions to the jury:

"Now, you might have noticed in the course of argument that there is no dispute between the parties—Mr. Sherman made a statement to that effect, and, of course, Mr. Glicksman *[assistant prosecutor]* agrees to that fact—there is no question here but that there was a robbery armed. * * * And there is no question here but that a robbery armed was committed, * * * ."

Except for the facts noted in the second paragraph of this opinion, we could agree with defendants that these statements of the trial judge in the instructions constituted reversible error, *People v Wojnicz,* 12 Mich App 423 (1968). However, counsel on appeal takes the trial record as he finds it, and the noted facts demonstrate waiver of the error and the harmless character thereof.

A reprimand of defense counsel by the trial judge in the presence of the jury is the basis for defendants' second common issue asserted as grounds for appellate relief. With reference to this occurrence, the trial judge instructed the jury:

"I did reprimand Mr. Sherman at one point quite strongly. I don't want you to infer it was in any sense against him or against his client. It shouldn't reflect on his client at all. He made a critical error. And I am sure it was due to inadvertence or oversight when he asked a particular question. Because it is almost an immutable rule of evidence that that question should

not have been asked. And the court did respond quite strongly and quite quickly. I want you to understand it has nothing to do with whatever consideration you should give to this case in your deliberations."

Any potential prejudice to defendants was removed by the curative instruction, *People v Milhem,* 350 Mich 497, 510 (1957).

Each defendant was arrested on a separate warrant issued on a separate complaint. The same defense counsel was appointed for each defendant. Separate informations were filed against each defendant and they were arraigned separately. On the day of trial, the trial judge granted the prosecutor's motion to consolidate for trial over defendants' objection. This action was not error, *People v. Schram,* 378 Mich 145 (1966), but each defendant now contends that his constitutional right to counsel was infringed thereby. The basis for the contention is that the individual defenses were so exclusive that one lawyer could not effectively represent both defendants. The point argues well, but it fails to persuade us that defendants are entitled to appellate relief for the reason that the record does not demonstrate that actual prejudice resulted from the consolidation.

Finally, defendant Smith asserts that reversible error occurred in the following instruction:

"Mr. Donald Smith has offered here a defense which we call in the law the defense of alibi. The defense of alibi means that the defendant was at another place at the time of the commission of a crime and so could not have committed the offense here charged. Alibi is a perfectly proper, legal defense. If after considering all of the evidence, you have a reasonable doubt as to whether the defendant, Donald Smith, was present at

the time of and the place where the offense was committed, then it would be your duty to acquit him. Now, the defendant is not required to prove the defense of alibi beyond a reasonable doubt in order to entitle him to an acquittal. If the evidence on the defense of alibi raises a reasonable doubt of his presence at the time and place where the commission of the crime is charged, the defendant is entitled to be acquitted. Now, even as where here there is the defense of alibi, the burden of proof is still upon the people to prove beyond a reasonable doubt that the defendant was present at the time and the place where the offense is alleged to have occurred.

"Now, Donald Smith, in connection with his defense of alibi, testified that he was in the apartment of a certain person with whom he lived for a period of time. He testified that the person who was the occupant of that apartment was an employee of the Michigan Bell Telephone Company. He also testified that that person still lived in the City of Detroit in that apartment. He further testified there were also others in the apartment at the particular time when the robbery is alleged to have occurred.

"In considering his defense of alibi, you may consider the fact that the defendant, Donald Smith, failed to call as a witness any person whom he said was at the apartment with him at the time of the armed robbery here charged. You may properly consider in your deliberations the reason or reasons as to why the defendant failed to produce the testimony, which is within his power to produce, to corroborate his defense of alibi."

It is defendant Smith's position that this instruction cast upon him the burden of proving his alibi. The problem with the present attack on this instruction is that no objection was made at trial and no manifest injustice is shown by the record. We decline further comment.

Affirmed.

All concurred.