## PEOPLE v. KARCHER.

1. CRIMINAL LAW—MOTION TO DISMISS—JURISDICTION OF CIRCUIT COURT.

   A circuit court has jurisdiction to consider a motion to dismiss a criminal case after the defendant has been bound over to that court upon preliminary examination by the examining magistrate (3 Comp. Laws 1929, § 17290).

2. CERTIORARI—SCOPE OF REVIEW.

   The office of a writ of certiorari is to review questions of law, not questions of fact.

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am. Jur., Criminal Law, § 301.
[1] Power of court to enter nolle prosequi or dismiss prosecution. 69 A.L.R. 240.
[2–4] 10 Am. Jur., Certiorari, § 3.
[6] 14 Am. Jur., Criminal Law, §§ 241, 246.
[9] 3 Am. Jur., Appeal and Error, § 895.
[12] 1 Am. Jur., Abortion, §§ 53, 54.

3. SAME—EVIDENCE.

While the Supreme Court does not weigh the evidence to determine the facts when review is had on certiorari, it does examine it to determine, as a matter of law, whether it justifies the action of the circuit court.

4. SAME—NATURE OF ACTION REVIEWED.

Essential to a determination as to whether action reviewed on certiorari was proper as a matter of law is a consideration of the nature of the action.

5. CRIMINAL LAW—DISMISSAL BY CIRCUIT COURT—ABUSE OF DISCRETION.

The action of a circuit court in granting a defendant's motion to dismiss after he has been bound over on a criminal charge in effect constituted a holding as a matter of law that the magistrate was guilty of an abuse of discretion.

6. SAME—EXAMINING MAGISTRATE—PROBABLE CAUSE.

Primarily the question of whether there is probable cause to believe defendant committed crime charged is for the consideration of and determination by the examining magistrate.

7. SAME—EXAMINING MAGISTRATE—SUPREME COURT—ABUSE OF DISCRETION.

While the Supreme Court may not agree with the findings of an examining magistrate in binding an accused over for trial, it has no right to substitute its judgment for his except in case of a clear abuse of discretion.

8. SAME—EXAMINING MAGISTRATE—CIRCUIT COURT—SUPREME COURT.

A circuit court is no more at liberty than is the Supreme Court to substitute its judgment for that of the examining magistrate in the matter of binding over an accused for trial.

9. SAME—EXAMINING MAGISTRATE—PROBABLE CAUSE—EVIDENCE.

In determining whether or not examining magistrate abused his discretion in binding defendant over for trial, the evidence before him is reviewed in its entirety and is examined to see whether it justified his finding of probable cause.

10. SAME—PROBABLE CAUSE.

Probable cause is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a person accused is guilty of the offense with which he is charged.

11. SAME—ABORTION—PROBABLE CAUSE—EVIDENCE.

> Evidence, showing that a metal catheter extended through complainant's uterus into her abdomen and which was sufficient to terminate her pregnancy of two months' duration and that she had accused defendant of having inserted the catheter, was sufficient to justify examining magistrate in holding defendant for trial, notwithstanding it also appeared that after her operation complainant and her husband had demanded defendant pay them $4,000 and expenses.

12. SAME—ABORTION—CREDIBILITY OF COMPLAINANT.

> Complainant's admitted attempt to obtain money from defendant after he had aborted her pregnancy illegally and other aspects of her testimony affect her credibility and are proper subjects of inquiry and argument by counsel on trial and are to be considered by jury in determining weight to be accorded her testimony.

13. SAME—PROBABLE CAUSE—EVIDENCE—CREDIBILITY OF COMPLAINANT.

> Where complaining witness gave testimony before examining magistrate establishing probable cause that defendant had procured an illegal abortion of her pregnancy, the fact that she also gave testimony affecting her credibility did not make it an abuse of discretion on the part of the magistrate in holding defendant for trial.

Appeal from Wexford; Lamb (Fred S.), J. Submitted June 17, 1948. (Docket No. 76, Calendar No. 44,008.) Decided September 8, 1948.

George A. Karcher was charged with use of metal instrument on a pregnant woman with intent to produce an abortion. Motion of defendant to dismiss granted. The people appeal. Reversed and remanded.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Elbern Parsons,* Chief Assistant Attorney General, and *Frank H. Miltner,* Prosecuting Attorney, for the people.

*Arnold R. Levandoski* and *Denley I. Priest,* for defendant.

Dethmers, J. After preliminary examination defendant was bound over to circuit court for trial on a charge of securing an abortion. From an order of the circuit court granting defendant's motion, before trial, to dismiss for lack of probable cause the people appeal.

Testimony taken before the magistrate shows substantially the following: The complaining witness had been pregnant about two months; she entered a hospital in great pain and distress; X-ray pictures disclosed a metal catheter extending through the uterus into her abdomen; doctors called upon to attend her operated and removed the catheter; her pregnancy terminated shortly thereafter, the presence of the catheter being sufficient to account for the miscarriage. Before operating the doctors insisted upon her informing them where she had been and what had been done to her; she made and signed a statement naming defendant as the person who had inserted the catheter. She testified that defendant had inserted a copper tube into her body; that he told her it had broken off; and that, after an unsuccessful attempt to remove it, he advised her to go to a physician.

On this and other testimony the examining magistrate made his determination of probable cause to believe that the offense charged had been committed by defendant.

The defendant, in support of his contention that the evidence was insufficient and that the complaining witness's testimony was not worthy of belief, relies on her admissions and statements at the examination, which, it is urged, cast doubt upon her credibility and make her claims unlikely or fantastic. Particularly, the defendant stresses her admission that after her operation she and her husband called upon the defendant and demanded that he pay them $4,000 and expenses, threatening to expose him to

the authorities if he did not pay. She also admitted that she would not have sought prosecution nor testified as she did against the defendant had he met her demands for payment.

The people state the question involved as being whether the circuit court was justified in dismissing the case on the ground that the testimony of the complaining witness, essential to establishment of probable cause, was unworthy of belief because of her admitted attempt to obtain money from the defendant.

There can be no doubt, and the people do not dispute defendant's contention, that a circuit court has jurisdiction to consider a motion to dismiss a criminal case after the defendant has been bound over to that court upon preliminary examination by the examining magistrate. 3 Comp. Laws 1929, § 17290 (Stat. Ann. § 28.1016); *Barnard* v. *Judge of Superior Court of Grand Rapids,* 199 Mich. 227; *People* v. *Rice,* 206 Mich. 644.

It is the defendant's theory that on this appeal, in the nature of certiorari, this Court should not disturb the finding of the circuit court if there is any evidence in the record to support it. What are the limitations upon our inquiry and what tests are to be applied on certiorari? In *Jackson* v. *People,* 9 Mich. 111 (77 Am. Dec. 491), this Court said:

"The office of *a certiorari* is not however to review questions of fact, but questions of law. And in examining into the evidence the appellate court does so not to determine whether the probabilities preponderate one way or the other but simply to determine whether the evidence is such that it will justify the finding."

While we do not weigh the evidence to determine the facts, we do examine it to determine, as a matter of law, whether it justifies the action of the circuit

court. Essential to that determination is a consideration of the nature of that court's action. In effect, it constituted a holding that the magistrate was guilty of an abuse of discretion. As said in *People v. Dellabonda,* 265 Mich. 486, 491:

"Primarily the question of probable cause is for the consideration of and determination by the examining magistrate. This Court may not agree with the findings of such magistrate but it has no right to substitute its judgment for his except in case of a clear abuse of discretion. We cannot say there was an abuse of discretion on the part of the examining magistrate and decline to hold he erroneously bound appellant over for trial."

In *People v. Hirschfield,* 271 Mich. 20, the above language from the *Dellabonda Case* was quoted with approval to the effect that a circuit court is no more at liberty than is this Court to substitute its judgment for that of the magistrate.

Does the evidence justify, as a matter of law, the holding of the circuit court that the magistrate was guilty of such abuse of discretion? In answering that question, we do not, as defendant urges, confine our attention to such portions of the evidence only as might tend to support the action of the circuit judge, but, on the contrary, we examine all the evidence to see whether it, in its entirety, justifies a finding that the magistrate was guilty of an abuse of discretion. The answer depends on whether, as a matter of law, there was sufficient evidence to hold the defendant for trial. *People v. Auerbach,* 176 Mich. 23 (Ann. Cas. 1915B, 557); *Barnard v. Judge of Superior Court of Grand Rapids, supra.*

The evidence, as hereinbefore in part recited, is convincing that the offense charged was committed. In *People v. Dellabonda, supra,* this Court quoted with approval the following definition of "probable cause":

" 'A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a person accused is guilty of the offense with which he is charged.' 3 Bouvier's Law Dictionary (Rawle's 3d Rev.), p. 2728."

Complainant's testimony, her statement to the doctors, made on the day of the offense, prior to her operation, while suffering pain and before it appears that the thought of financial gain had been entertained, and, finally, the fact that her otherwise unexplained attempt to obtain money from defendant may well be considered as consistent with his guilt as his innocence, combine to present a record which meets the test laid down in the above definition to a degree that the magistrate's determination of probable cause to believe that defendant is the person who committed the offense can scarcely be termed an abuse of discretion.

Complainant's admitted attempt to obtain money from defendant and other aspects of her testimony stressed by defendant go to her credibility, are proper subjects of inquiry and of argument by counsel on trial, to be considered by the jury in determining the weight to be accorded her testimony. *Crippen* v. *People,* 8 Mich. 117; *People* v. *Murphy,* 93 Mich. 41; *People* v. *Rice,* 103 Mich. 350; *People* v. *Drolet,* 157 Mich. 90. Testimony as to these matters affecting the complainant's credibility having been received into evidence before the magistrate, it was no abuse of discretion for him, nevertheless, to believe her testimony which established probable cause. It is, therefore, not the function of the circuit court or this Court to substitute its judgment for that of the magistrate in that regard.

The order of the circuit court quashing the information, dismissing the case, cancelling defendant's bond for appearance and releasing him from fur-

ther custody is reversed and the cause remanded to the circuit court for arraignment and appropriate proceedings upon the plea to be entered.

Bushnell, C. J., and Sharpe, Boyles, Reid, North, Butzel, and Carr, JJ., concurred.