## PEOPLE *v.* GARRETT

Burglary—Breaking and Entering—Evidence—Question of Fact.
Question was for the jury whether defendant broke and entered
a store, where no one saw him break into the store nor were
his fingerprints found at the scene, but there was evidence that
the store was broken into, the defendant was admittedly pres-
ent at the scene inside the store, and there was testimony
that the overhead door through which the defendant admitted
he entered had been pulled down again before the police ar-
rived (MCLA § 750.110).

Appeal from Kent, Claude Vander Ploeg, J. Sub-
mitted Division 3 January 10, 1969, at Grand Rapids.
(Docket No. 4,809.) Decided April 22, 1969.

Milledge Garrett was convicted of breaking and en-
tering a store with intent to commit larceny. De-
fendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, *S. J. Venema,* Chief Appellate
Attorney, and *Donald E. Zerial,* Assistant Prosecut-
ing Attorney, for the people.

*Rhoades, McKee & Boer (Jeremy J. Hickman,* of
counsel), for defendant.

Reference for Points in Headnote
13 Am Jur 2d, Burglary § 66.

BEFORE: LEVIN, P. J., and HOLBROOK and DAN-HOF, JJ.

PER CURIAM. Defendant, Milledge Garrett, was charged with breaking and entering a store with intent to commit larceny, MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305). He was found guilty by a jury and sentenced to 3 to 10 years' imprisonment

The pertinent facts are as follows: On July 22, 1967, Jewel O'Neil looked out the window of her apartment. She saw two men moving a TV set and noticed that one of the back windows of a store was broken. Believing a robbery was occurring, she put on her shoes and went to a nearby bar to call the police. She did not see defendant take anything, nor could she identify defendant as one of the two men she saw moving the TV set.

With one exception, the remaining witnesses were police officers who arrived at the scene. The police received the call at 6:25 p.m. It appears that it was at least 10 minutes earlier that Miss O'Neil first saw the 2 men moving the TV set. Officer Brown arrived at the alley in the rear of the store which had a number of overhead garage-type doors. The window of the door furthest south was broken. The broken window was the one nearest to the door lock. The officer testified that the door was pulled up a few inches from the ground and that he lifted the door and entered the store. All other entrances to the store were closed.

Officer Stephan approached the store from the front. As he was running toward the front of the store, he noticed defendant inside the store also running toward the front door. They reached the front door together whereupon Officer Stephan drew his gun and ordered defendant to put his hands on the glass. The front door was locked. Other officers

made their way through the store from the rear and formally arrested defendant.

Miss O'Neil testified that on her way back from the bar she saw the defendant under arrest and that he remarked, "I will get you." Miss O'Neil asserted she was acquainted with the defendant before the incident.

When arrested defendant had none of the "loot" on him. Fingerprints were taken and of those identifiable none belonged to defendant. Twenty-two TV sets, 14 watches, 2 fans, a tape recorder, radios and a drill were taken. None has been recovered.

At the close of the people's case, defendant moved to dismiss the charge on the grounds that there was no evidence of an essential element of this crime. That is, there was no evidence defendant *broke* into this store. The motion was denied.

Defendant took the stand in his own behalf. He testified that he observed "kids" taking TV sets out of the store and he went into the store out of loyalty to the proprietors, whom he knew, and to "try to discourage the kids from crime before they went bad." He denied he was running to the front of the store when Officer Stephan ordered him to stop and put his hands on the glass. The defendant testified that the door the police used to enter and which the defendant also used to enter the store was up half-way so that he entered without moving the door. A friend of defendant's corroborated some of his story.

Defendant raises 2 issues on appeal: (1) did the trial court commit error in denying defendant's motion to dismiss made on the basis that there was no evidence of a breaking and (2) does the evidence support the verdict of guilty beyond a reasonable doubt?

Defendant contends that the trial court committed error in denying his motion to dismiss because no one

saw him break into the store nor were his finger-prints found at the scene. There was, however, evidence that the store was broken into. The garage door had been used to gain access and the window closest to the lock had been broken. Defendant was admittedly present at the scene and there was testimony that the overhead door through which the defendant entered had been pulled down again before the police arrived. There was a question of fact for the jury as to whether defendant broke and entered the store. The trial court properly denied defendant's motion to dismiss.

Defendant asserts that the evidence does not support the verdict of guilty beyond a reasonable doubt. Under the circumstances of this case, defendant's assertion becomes a question of credibility for determination by the jury who heard and observed the witnesses. It was the jury's prerogative to disbelieve the defendant's testimony. There was sufficient evidence of a breaking and entering to find defendant guilty beyond a reasonable doubt. *People v. Williams* (1962), 368 Mich 494.

Affirmed.