PEOPLE v. McDONALD

1. CRIMINAL LAW—TRIAL—MISTRIAL—DISCRETION.

The grant or denial of a motion for mistrial rests within the discretion of the trial court, but should not be granted in consequence of any mere irregularity which is not prejudicial to the rights of a criminal defendant.

2. CRIMINAL LAW—TRIAL—PREJUDICE—APPEAL AND ERROR.

Alleged errors in the conduct of a criminal trial will not be reviewed unless the facts connected therewith so appear in the record that the court can see that the defendant has been prejudiced.

Appeal from Oakland, William R. Beasley, J. Submitted Division 2 March 18, 1969, at Lansing. (Docket No. 5,297.) Decided April 22, 1969.

Paul M. McDonald was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas G. Plunkett,* Prosecuting Attorney, for the people.

*Douglas Chartrand,* for defendant on appeal.

BEFORE: HOLBROOK, P. J., and FITZGERALD and T. M. BURNS, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 974.
[2] 5 Am Jur 2d, Appeal and Error § 545.

PER CURIAM. Paul M. McDonald was convicted of first-degree murder by jury in Oakland county circuit court. CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548). He was sentenced to life imprisonment on February 13, 1968. During trial, motion for mistrial was made on the basis that certain proposed pictorial exhibits had been seen by some of the jurors while in the hands of a witness. The motion was denied, and some of the pictures were admitted into evidence, while one was rejected.

On appeal the sole claim of error is that denial of the motion for mistrial was an abuse of discretion. The people have filed a brief and a motion to affirm.

After reviewing the briefs of the parties, the motion to affirm, and the trial record, we have concluded that the record does not show affirmatively facts upon which an inference of prejudice may be based. A mistrial should not be declared in consequence of any mere irregularity which is not prejudicial to the rights of defendant. *People* v. *Qualls* (1968), 9 Mich App 689, 693. Alleged errors in the conduct of the trial will not be reviewed unless the facts connected therewith so appear in the record that the Court can see that accused has been prejudiced. *People* v. *Nick* (1960), 360 Mich 219, 229, 230.

Affirmed.