PEOPLE v. WIES

1. Criminal Law—Indorsement of Witnesses—Subsequent Indorsement—Res Gestae Witness—Discretion.

The trial court did not abuse its statutory discretion in allowing an unindorsed *res gestae* witness to testify over defense counsel's objection where the court permitted the indorsement during trial upon motion of the prosecutor upon being satisfied that the prosecutor had sufficiently explained failure to indorse sooner because, by statute, additional witnesses may be indorsed during trial by leave of court (MCLA § 767.40).

2. Burglary—Breaking and Entering—Evidence.

Evidence established breaking and entering where there was testimony that the building was locked on the evening of the alleged offense, material covering broken windows at the rear of the building had been removed, and that police officers found defendant hiding in the building (MCLA § 750.110).

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 May 4, 1970, at Detroit. (Docket No. 7,493.) Decided June 1, 1970.

Eugene Ronald Wies was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 328.
[2] 13 Am Jur 2d, Burglary § 50.

*M. Hector Cisneros,* for defendant on appeal.

Before: FITZGERALD, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. Defendant was convicted in a non-jury trial of breaking and entering a factory with intent to commit larceny therein. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). On appeal, defendant contends that the trial court erred in allowing an unindorsed *res gestae* witness to testify at trial over defense counsel's objection. The witness was indorsed during trial upon motion of the prosecutor. The trial judge permitted the indorsement; he was satisfied that the prosecutor had sufficiently explained failure to indorse sooner. By statute, MCLA § 767.40 (Stat Ann 1970 Cum Supp § 28.980), additional witnesses may be indorsed during trial by leave of the court. A review of the record fails to establish that the trial court abused its statutory discretion in allowing the witness to testify. *People* v. *McCrea* (1942), 303 Mich 213.

Defendant also contends that the evidence was insufficient to establish a *prima facie* breaking and entering. There was testimony that the factory was locked on the evening of the alleged offense; that plywood covering broken windows at the rear of the building had been removed, and that defendant was found hiding in the factory by police officers. Defendant's contention that the people's evidence did not establish breaking and entering is without merit. *People* v. *Lambo* (1967), 8 Mich App 320.

Affirmed.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.