PEOPLE v. LEWIS

1. HOMICIDE—SECOND-DEGREE MURDER—EVIDENCE—SUFFICIENCY.
   Testimony of eight *res gestae* witnesses that the defendant removed a pistol from his pocket and shot the decedent, even though the witness's testimony varied as to details and several of the witnesses did not see the entire event, was sufficient, if believed by the jury, to support the defendant's conviction of second-degree murder (MCLA § 750.317).

2. CRIMINAL LAW — NEW TRIAL — NEWLY-DISCOVERED EVIDENCE — REQUIREMENTS.
   Granting a new trial on the grounds of newly-discovered evidence requires: · (1) that the substance of the new evidence, and not merely its materiality, must have been discovered after trial: (2) that the new evidence is not merely cumulative: (3) that the moving party could not with reasonable diligence, have produced the evidence at trial; and, (4) that the new evidence would render a different result probable on retrial.

3. CRIMINAL LAW — NEW TRIAL — NEWLY-DISCOVERED EVIDENCE — DISCRETION.
   Granting a new trial on the grounds of newly-discovered evidence is within the sound discretion of the trial court.

4. CRIMINAL LAW — NEW TRIAL — NEWLY-DISCOVERED EVIDENCE — DIFFERENT VERDICT.
   A different verdict on retrial of a defendant convicted of second-degree murder was not probable even though the allegedly newly-discovered evidence, an affidavit, stating that the defend-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 333.
[2] 39 Am Jur, New Trial § 156 *et seq.*
[3] 39 Am Jur, New Trial § 157.
[4] 39 Am Jur, New Trial § 166.
[5] 53 Am Jur, Trial § 78.

ant had acted in self-defense, made by a person at trial where eight *res gestae* witnesses had, at the trial, given similar testimony and that testimony supported a verdict of guilty.

5. TRIAL—EVIDENCE—COMMENTS.

The trial court is permitted to comment that evidence supporting a fact is undisputed, if that is the case.

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J.   Submitted Division 1 June 18, 1970, at Detroit.   (Docket No. 8,834.)   Decided August 26, 1970.

Jimmie Lewis, Jr., was convicted of second-degree murder.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Robert F. Mitchell, Jr.,* and *Thomas J. Olejnick,* for defendant on appeal.

Before:   LESINSKI, C. J., and HOLBROOK and T. M. BURNS, JJ.

LESINSKI, C. J.   Defendant Jimmie Lewis, Jr., was convicted, following a jury trial, of murder in the second degree (MCLA § 750.317 [Stat Ann 1954 Rev § 28.549]), and was sentenced to life in prison.   Defendant's motion for new trial was denied and he now brings this appeal.

The facts giving rise to this case occurred on December 24, 1965, in Skid's Bar in the city of Detroit. At approximately 8 p.m., decedent Leroy Turner and defendant made a wager regarding a game of

pocket billiards, known as "eight ball", then in progress. A dispute broke out over who had won the bet; the dispute ended when defendant shot and killed decedent. It was defendant's position below that he shot in self-defense.

On appeal defendant raises three issues: first, whether sufficient evidence was adduced at trial to sustain his conviction; second, whether the lower court erred in denying his motion for new trial based on newly-discovered evidence; and third, whether reversible error was committed by the trial court in its instructions to the jury.

Our review of the record satisfies us that sufficient evidence was presented below which, if believed, would justify a jury conviction. Eight *res gestae* witnesses were produced by the prosecutor at trial. Although the testimony of the witnesses varied as to a few details and several of the witnesses did not observe the entire series of events, the substance of the testimony was consistent and related the following.

Defendant made a $2 wager with Turner over the outcome of the pool game being played between Turner's brother and another man. An altercation ensued over who had won the bet. Turner stood up from the barstool where he had been sitting, "as if * * * he was going toward" defendant. Defendant took several steps backwards away from Turner and said "Well, I'll pay you off, just a minute." Defendant then reached in his pocket and pulled out a gun from his inside coat pocket. Turner then began backing away from defendant, who started to cock the pistol. After a moment of difficulty in getting the gun to work, defendant fired twice at Turner, killing him.

Based on the record, sufficient evidence was adduced at trial, which, if believed justified a verdict

of guilty. *People* v. *Stevens* (1965), 1 Mich App 673; *People* v. *Doris White* (1965), 2 Mich App 104; *People* v. *Panknin* (1966), 4 Mich App 19.

Defendant's motion for new trial below was based, *inter alia,* on allegedly newly-discovered evidence which consisted of the testimony of Maurice Willingham. The following signed affidavit was attached to defendant's motion:

"Maurice Willingham, of Detroit, Wayne County, Michigan, being first duly sworn, deposes and says, that he makes this affidavit in support of the attached application for leave to file delayed motion for new trial, and should said motion be granted, he would testify, in substance, as follows:

"1. That I was present in Skid's Bar on the evening of December 24, 1965.

"2. That some commotion came about and I saw the defendant headed toward the door.

"3. That the other fellow (victim) was behind me, whom I observed was going after the defendant with a knife in his hand.

"4. Defendant was having difficulty reaching the door because patrons were entering. It was at this point that defendant turned around and fired two (2) shots at victim.

"5. That deponent had no trial notice nor was he subpoenaed to defendant's trial; that he is not related to either the victim or defendant."

In *People* v. *LoPresto* (1967), 9 Mich App 318, 324, we noted:

"Tests for measuring the sufficiency of newly-discovered evidence were recently stated in the cases of *People* v. *Clark* (1961), 363 Mich 643, and *People* v. *Ake* (1961), 362 Mich 134. These cases hold that for a new trial four requirements must be met. First, the substance of the evidence, and not merely its materiality, must have been discovered after the trial. Second, it must be shown that the new evi-

dence is not merely cumulative. Third, it must be shown that the moving party could not with reasonable diligence have produced the evidence in question at trial. Fourth, the newly-discovered evidence must be such as to render probable a different result on retrial."

Further, it is well settled that the granting of a new trial on the grounds of newly-discovered evidence is directed to the sound discretion of the trial court. *People* v. *Pizzino* (1945), 313 Mich 97; *People* v. *Serra* (1942), 301 Mich 124; *People* v. *Mullane* (1931), 256 Mich 54; *People* v. *Thomas* (1969), 17 Mich App 740.

As we deem the alleged newly-discovered evidence not to be "such as to render probable a different result on retrial" we pass over the other tests set forth in *LoPresto.* There was no evidence below indicating that defendant was headed for the door and the only witness specifically questioned on the subject stated that Turner did not have a knife. The affidavit thus presents a substantially different set of facts than those brought out at trial.

We concede that upon retrial the evaluation of the different versions of the events would be left to the jury as a question of credibility. Yet, to justify a new trial a different result must be "probable." In light of the substantive similarity of the testimony of the eight witnesses at the first trial, we are unable to say that one new witness telling a substantially different story renders a different verdict probable. The trial judge did not abuse his discretion in denying the motion.

Defendant's final point on appeal concerns the following statement by the trial judge in his instructions to the jury:

"The evidence and testimony in this case points out that the defendant and victim were engaged in

an altercation over the results of a pool game known as eight-ball, in Skid's Bar on Twelfth Street, in the city of Detroit, on the evening of December 24, 1965; that the defendant drew a pistol from his person and fired in the direction of the deceased, and further that the bullets entered the body of Leroy Turner, causing his death, as testified to by the medical examiner, Dr. Raven. There is no evidence by the defendant to rebut this testimony and, as the court has indicated to you, it is not necessary for the defendant to take the stand himself. There were no other witnesses produced by the defendant to rebut the testimony. It is the theory of the people that the defendant unlawfully killed Leroy Turner.

"It has been suggested and it is the theory of the counsel for the defense that the defendant Jimmie Lewis acted in self-defense, and, accordingly, is not guilty of this crime."

Defendant argues that the instruction constituted an improper reference to defendant's failure to take the witness stand and an invasion of the jury's power to rule on questions of fact.

The argument fails for several reasons. First, it is hornbook law that an instruction must be read as a whole and in the instant case the court later in its charge, specifically instructed the jury: "You are the sole judges of the facts. The court can give you the law but you are absolute in the realm of facts." Second, the trial court is permitted to comment that evidence supporting a fact is undisputed, if that is the case. *People* v. *Pratt* (1930), 251 Mich 243; *People* v. *Wojnicz* (1968), 12 Mich App 423. See, also, MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052). Here the only facts stated by the trial court were that there was an altercation over the result of a certain game of eight ball on a particular night in Skid's Bar and that defendant shot Turner. All the testimony below supported these points and defend-

ant never challenged them. Even defendant's alleged newly-discovered witness states the same things by way of affidavit. Defendant's position below was self-defense, not misidentification.

The final reason why the argument does not justify reversal is that defendant failed to object below. Defendant's failure of timely objection waives any possible right be might have had to object now to the instruction. *People* v. *Allar* (1969), 19 Mich App 675; *People* v. *Mallory* (1966), 2 Mich App 359; GCR 1963, 516.2.

The record reveals that defendant was given a fair and impartial trial and that no miscarriage of justice was committed.

Affirmed.

All concurred.