PEOPLE *v.* MASON

1. EVIDENCE—CRIMINAL LAW—WEAPONS OR TOOLS—IDENTIFICATION—ADMISSIBILITY—CIRCUMSTANCES.

A weapon found on the accused at the time of his arrest may be introduced into evidence at his trial where the circumstances under which the weapon was found indicate that there is a likelihood that it was used in committing the offense, even though the victim could not identify the weapon and it was not actually observed when the offense was committed.

2. EVIDENCE—CRIMINAL LAW—WEAPONS OR TOOLS—IDENTIFICATION—ADMISSIBILITY—CIRCUMSTANCES.

A weapon found on a defendant near the scene of the crime only 15 minutes after the crime occurred, where defendant has been identified as the man who held a cold object to the neck of the victim, was properly admitted into evidence even though it could not be identified by the victim and was not actually observed by her.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 821, 827.

[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[4] 53 Am Jur, Trial §§ 286, 796–802.

Conviction of lesser offense, against which statute of limitations has run, where statute has not run against offense with which defendant is charged. 47 ALR2d 887.

[5] 53 Am Jur, Trial § 506.

3. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUES-
TION.

A defendant is precluded from raising objections to instructions
to the jury on appeal where no timely objection was made
at trial.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
FENSES.

The trial court's instructions to the jury did not give lesser in-
cluded offenses prejudicially inadequate treatment where only
three of the 9–1/2 pages of instructions were devoted to the
main charge of assault with intent to rob being armed, and
where the charge as read in its entirety is not prejudicial.

5. CRIMINAL LAW—ARGUMENT OF COUNSEL—PREJUDICE—CURATIVE
INSTRUCTION.

Prosecutor's comment in closing argument that a witness for
the defense would have his case taken care of by the juvenile
court was not so prejudicial that a mistrial was required
where the prosecutor also stated that what happened to
the witness had no bearing on defendant's case, where the
trial court told the jury that the only issue before them was
the guilt or innocence of defendant, where everything the
prosecutor referred to had been admitted into evidence, and
where the witness's testimony did not help the defense very
much anyway.

Appeal from Recorder's Court of Detroit, Frank
G. Schemanske, J. Submitted Division 1, December
11, 1970, at Detroit. (Docket No. 8500.) Decided
January 21, 1971. Leave to appeal denied August
4, 1971. 385 Mich 776.

Levador T. Mason was convicted of assault with
intent to rob being armed. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Leonard Meyers,*
Assistant Prosecuting Attorney, for the people.

*Robert M. Hetchler,* for defendant on appeal.

Before: DANHOF, P. J., and HOLBROOK and VAN-
DER WAL,* JJ.

HOLBROOK, J.   The defendant was convicted in
the Recorder's Court for the City of Detroit before
a jury of the crime of assault with intent to rob
being armed, MCLA § 750.89 (Stat Ann 1962 Rev
§ 28.284), and sentenced to a term in prison of 7-1/2
to 15 years. Defendant has taken this appeal.

The following are the pertinent facts:   On No-
vember 22, 1968, the complainant was walking along
the street when two subjects approached her.   One
grabbed her around the throat with his left hand
and held a cold object at her neck demanding her
purse.   The other man then went through her purse,
and, finding nothing of value, the pair released her.
The defendant was arrested by police near the scene
shortly thereafter, and a .25-caliber pistol was found
in his possession.   Subsequently, at a police lineup,
the complainant identified the defendant as the one
who grabbed her around the throat with his left
hand and held a cold object at her neck and de-
manded her purse.   Another subject, a juvenile,
was also arrested near the scene.

Defendant raises the following three issues for
review:

1. Was the .25-caliber pistol found on defendant
when arrested properly admitted into evidence?

2. Did the court's instructions overemphasize as-
sault with intent to rob so that a fair consideration
of lesser offenses was precluded?

3. Was the defendant denied a fair trial because
of the remarks made by the court and the prose-
cuting attorney during the trial?

---

* Circuit judge, sitting on the Court of Appeals by assignment.

I

Defendant contends that the weapon found on him when arrested was not properly admitted into evidence because it was not sufficiently connected with the crime.

At the trial the complainant testified that the perpetrator placed a cold object on her neck. The arresting officer testified that the holdup occurred at approximately 6:30 p.m. and that he arrested defendant at 6:45 p.m. Another arresting officer testified that he found the pistol on the defendant at the time of the arrest.

The people cite the cases of *People* v. *Hall* (1969), 19 Mich App 95, and *People* v. *Kerridge* (1969), 20 Mich App 184, for the proposition that weapons found on an accused at the time of his arrest may be introduced into evidence without proof that they were the very weapons used by him in the crime, if they *might* have been the ones used.

However, in both *Hall, supra* and *Kerridge, supra,* and unlike the instant case, the type of weapon that was found on the accused was seen at the time of the crime. Here there was no weapon seen at the time of the crime; the only testimony as to a weapon was that of the complaining witness to the effect that a cold object was placed at her neck.

In other words, there was no testimony that it was in fact a gun that was held to the neck of the complaining witness.

In 22A CJS, Criminal Law, § 712, p 966 it is stated:

"However, a weapon or instrument found in the possession of accused or of his criminal associates which, although not identified as the one actually used, is similar in form and character thereto, or which, *from the circumstances of the finding justifies an inference of the likelihood or possibility of*

*its having been used, is admissible for the purpose
of showing availability to accused of the means of
committing the crime in the manner in which it is
shown to have occurred."* (Emphasis supplied.)

Thus, under the foregoing test, the gun would be
admissible because the finding of the gun on the
accused "from the circumstances of the finding jus-
tifies an inference of the likelihood or possibility
of its having been used". This is especially so
when one of the circumstances is that the gun was
found on the defendant near the scene, only 15
minutes after the robbery, and there was no issue
as to the identification of the defendant.

Further, MCLA § 750.89 (Stat Ann 1962 Rev
§ 28.284) provides:

"Any person, being armed with a dangerous
weapon, *or any article used or fashioned in a man-
ner to lead a person so assaulted reasonably to
believe it to be a dangerous weapon,* who shall as-
sault another with intent to rob and steal shall be
guilty of a felony, punishable by imprisonment in
the state prison for life, or for any term of years."
(Emphasis supplied.)

It is reasonable to assume that the weapon found
on the defendant was the one placed upon complain-
ant's neck, especially considering the fact that no
identification problem was presented. The fact that
the type of weapon used was not specifically noted
at the time of the crime would not appear to bar
the weapon seized from evidence because the weapon
seized *might* have been the one so used. There was
no error committed by the trial court in admitting
the gun into evidence.

## II

Defendant contends that the trial court's instruc-
tions overemphasized the charge of assault with

intent to rob so as to preclude a fair consideration of the lesser included offenses.

Defendant did not make timely objection to the instructions at the trial. Defendant's counsel specifically stated that he had no objection to the instructions. Therefore, defendant should be precluded from raising this issue on appeal. *People v. Lewis* (1970), 26 Mich App 290; *People v. Allar* (1969), 19 Mich App 675; GCR 1963, 516.2.

Notwithstanding the fact that the issue is not properly raised, a review of the entire charge does not support the contention that it was unfair and prejudicial. The charge covers some 9-1/2 pages of the trial transcript, with approximately three devoted to the main charge of assault with intent to rob being armed.

The charge, when read in its entirety, was not prejudicial.

## III

Defendant contends that the prosecutor and judge in the trial court made certain remarks that were of a prejudicial nature.

Defendant claims error in what the assistant prosecutor stated in his final argument. The contested statement was as follows:

*"Mr. Conklin:* The fact that the other individual involved who was arrested, happens to be a juvenile, has no bearing on this case. That is taken care of by the juvenile unit and has nothing to do with this case. The defendant is on trial here before you, ladies and gentlemen, for this particular crime, what is done or what the boy's age, or a man's age is, is immaterial. That is taken care of elsewhere, but just remember 5'10" or 5'11" is the height of the second man."

The prosecutor specifically stated that the other person arrested, who was a juvenile, had no bearing on the case. Additionally, the trial court then instructed the jury that the only question before them was the guilt or innocence of the defendant on trial. Furthermore, all of the evidence argued by the prosecutor was testimony that had been admitted into evidence. In addition, a review of the testimony of the juvenile indicates that it does not appear to be of much help in defendant's defense. With these considerations in mind, it appears that the trial court was correct in denying defendant's motion for a mistrial.

Defendant claims error in a comment made by the trial judge during the direct examination of the defendant. The testimony in part is as follows:

*(By Mr. Harris, defense attorney)*:
"*Q.* When you were arrested, did you have a weapon on you?

"*A.* Yes.

"*Q.* What did you have on you?

"*A.* A .25 automatic. I mean the one that is in the courtroom today.

"*Q.* You had that weapon?

"*A.* Yes.

"*Q.* Why did you have it on you?

"*Mr. Stevens (assistant prosecutor)*: If the court please, I am going to object to this type of testimony. I am going to object, it would serve no purpose in this case. The charge here is assault with intent to rob while being armed.

"*The Court:* Whatever reason it is, members of the jury, doesn't give anyone permission to carry a gun, unless he has a license to carry a gun. But, the weight of it is for the jury. I will let him answer the question, but the weight of it is for the jury. All right.

*"Q. (By Mr. Harris continuing)*: Why did you have that gun on you?

*"A.* I had the gun on me because I had been beaten prior to my arrest, two days ago.

*"Q.* I didn't hear you.

*"A.* I were beaten and robbed of my money approximately two days prior to my arrest, which I haven't confronted anybody, or anyone about it, and I carried the gun because it scared me that someone would hurt me. You know, being robbed again. That's the reason why I had it on me.

*"Q.* Robbed two days before that?

*"A.* Right.

*"Q.* You didn't use that gun to rob anybody, or attempt to rob anybody?

*"A.* No."

Although the remark was not necessary to rule upon the objection, it cannot be said that under the circumstances the remark was reversible error or prejudicial to the defendant. In addition, the defendant made no objection to the trial court's remark when it was made. It cannot now be properly raised on appeal. *People* v. *Lewis* (1970), 26 Mich App 290; *People* v. *Allar* (1969), 19 Mich App 675.

Affirmed.

All concurred.