PEOPLE v. DUPREE

1. Arrest—Evidence—Crime-Connected Evidence—Admissibility.

   Articles seized from a defendant upon his arrest may, as a general rule, be admitted into evidence if they may logically connect the defendant with the crime charged.

2. Criminal Law — Evidence — Improperly-Admitted Evidence — Failure to Object.

   Failure to object to the admission into evidence of a knife taken from the defendant at the time of his arrest for the rape and robbery of the complainant, the arrest occurring ten days after the crimes, precluded review of the question of the knife's admissibility, even though there was no logical connection between the knife taken from the defendant and the crimes charged in that the complainant testified that the knife admitted into evidence was not the knife used by her assailant.

Appeal from Recorder's Court of Detroit, George E. Wicklund, J. Submitted Division 1 September 7, 1971, at Grand Rapids. (Docket No. 10036.) Decided September 28, 1971.

Kenneth J. Dupree was convicted of rape and armed robbery. Defendant appeals. Affirmed.

References for Points in Headnotes

[1, 2]  47 Am Jur, Searches and Seizures § 19.
  29 Am Jur 2d, Evidence §§ 288, 411 et seq.
[1] Modern statutes of rule as to validity of non-consensual search and seizure made without warrant after lawful arrest as affected by lapse of time between, or difference in places of arrest and search. 19 ALR3d 727.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Stuart L. Young,* for defendant on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. This is an appeal from a conviction by a jury of rape (MCLA § 750.520 [Stat Ann 1954 Rev § 28.788]) and armed robbery (MCLA § 750.529 [Stat Ann 1971 Cum Supp § 28.797]). Defendant alleges but one error on appeal.

The complainant testified that her assailant forced himself upon her at knife point. At the trial the people introduced into evidence, without objection from the defense, a knife taken from the defendant at the time of his arrest. On subsequent examination of the complainant she testified specifically that the knife introduced as evidence by the people was not the knife used by her assailant. Defendant now alleges that the court erred in allowing this knife to remain in evidence. He bases this objection upon the premise that by associating the defendant with a knife the jury was encouraged to infer that the defendant was a "bad man" whose credibility should therefore be discounted. In this case the jury was faced with the decision of whether to believe complainant's identification of the defendant or defendant's alibi as bolstered by the testimony of his wife and sister.

Generally, articles seized from a defendant following his arrest may be admitted into evidence if they

may logically connect the defendant with the crime charged. *People* v. *Hall* (1969), 19 Mich App 95; *People* v. *Mason* (1971), 29 Mich App 613. In this case there appears to have been no logical connection between the knife seized from defendant ten days after the alleged assault and the crime charged. However, we cannot second-guess the trial tactics of the defense attorney.

Defendant's attorney did not object to the admission of the knife into evidence and his failure to so object precludes review.

Affirmed.