PEOPLE v TERRELL

1. BURGLARY—BREAKING AND ENTERING—EVIDENCE—SUFFICIENCY.
    Evidence was sufficient to. support a conviction of breaking and
        entering a store with intent to commit a larceny where the
        defendant admitted entering the store with the intent to com-
        mit a larceny, although he denied that he broke the window
        through which he entered and the testimony of the store's
        manager established that the store had been broken into by
        someone after the manager had secured the premises; whether
        the defendant, found within the store, was the person who
        broke into the store was a question for the trier of fact.

2. CRIMINAL LAW—APPEAL AND ERROR—OFF-RECORD ERROR—PROS-
    ECUTOR'S REMARKS.
    Defendant's contention that the trial court abused its discretion
        in denying his motion for a mistrial based upon the claim that
        he was prejudiced by the prosecutor's remarks, allegedly made
        off the record, offering the remaining indorsed witnesses to
        the defense was without merit where the record does not in-
        dicate an offer of the remaining witnesses by the prosecutor
        and the trial judge positively indicated that he heard no such
        offer.

Appeal from Genesee, Donald R. Freeman, J.
Submitted Division 2 December 9, 1971, at Lansing.
(Docket No. 10711.)   Decided January 25, 1972.

Rudolph Terrell was convicted of breaking and
entering a store with intent to commit a larceny.
Defendant appeals.   Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary § 44 et seq.
[2] 4 Am Jur 2d, Evidence § 541.
    5 Am Jur 2d, Evidence § 778.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*W. Schuyler Seymour, Jr.,* for defendant on appeal.

Before: McGregor, P. J., and Bronson and Targonski,* JJ.

Per Curiam. Defendant was convicted by a jury of breaking and entering a store with intent to commit a larceny therein, contrary to MCLA 750.110; MSA 28.305. Subsequently, he was sentenced to serve 9-1/2 to 10 years in prison. He appeals as of right, raising three assignments of error.

First, defendant maintains that the evidence was insufficient to warrant the jury's verdict of guilty beyond a reasonable doubt. We disagree. The defendant admitted entering a store with the intent to commit a larceny although he denied that he broke the window through which he entered. Testimony of the store's manager established that the store had been broken into by someone after the manager had secured the premises. The question of fact as to whether the defendant, found within the store, was the person who broke into it was properly submitted to the jury. *People* v *Garrett,* 17 Mich App 69 (1969); also *People* v *Wies,* 24 Mich App 294 (1970); *People* v *Tiszae,* 23 Mich App 114 (1970); *People* v *Lambo,* 8 Mich App 320 (1967).

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Second, defendant asserts that the trial court's instructions on lesser included offenses were improper. The record, however, reveals no timely objection or request for instructions on lesser included offenses and, therefore, this issue has not been preserved for review. *People v Duerson,* 35 Mich App 223 (1971); *People v David Smith,* 16 Mich App 198 (1969); *People v Lewis,* 26 Mich App 290 (1970); *People v Walsh,* 27 Mich App 100 (1970).

Finally, defendant maintains that the trial court abused its discretion in denying defendant's motion for a mistrial based upon the claim that defendant was prejudiced by the prosecutor's remarks, allegedly made off the record, offering the remaining indorsed witnesses to the defense.

In *People v Nick,* 360 Mich 219, 234 (1960), an unrecorded claim of prejudice was made and the Court responded:

"The claim that one of the women jurors indicated prejudice against defendant because she laughed when certain testimony was given, and when counsel for defendant in argument made some reference to her father, is wholly without merit. The record does not show counsel's statement and the laughter, if such there was, might well have indicated merely surprise at the reference. In any event on the record before us there is no showing of prejudice against appellant. A like situation obtains with reference to the alleged action of the juror in laughing while a witness was testifying. The testimony is not before us and we have no way of determining the reason for the juror's amusement. It may be noted in this connection that the trial judge in his opinion stated that he was not aware of any laughter, stating positively that it was not of such character as to cause him to notice it."

See also *People v McDonald,* 17 Mich App 88 (1969).

Similarly, in the instant case, the record does not indicate an offer of the remaining witnesses by the prosecutor and the trial judge positively indicated that he heard no such offer.

Affirmed.