PEOPLE v SAVARD

1. Witnesses—Criminal Law—Accomplice as Witness—Fifth Amendment Privilege.

Allowing a prosecutor to call as a witness a person who was jointly charged with the defendant but who is to be tried separately is error where it is apparent to all counsel and the trial judge that the witness will exercise his Fifth Amendment right to refuse to testify.

2. Witnesses—Criminal Law—Accomplice as Witness—Offer of Proof—Fifth Amendment Privilege.

A trial judge should require the prosecutor to make an offer of proof out of the presence of the jury of the testimony of a witness who was jointly charged with the defendant but who is to be tried separately, in order to determine if the witness will exercise his Fifth Amendment right to refuse to testify.

Appeal from Marquette, Edward A. Quinnell, J. Submitted December 8, 1976, at Grand Rapids. (Docket No. 25627.) Decided January 5, 1977.

Patricia Savard was convicted of armed robbery and unlawfully driving away a motor vehicle. Defendant appeals. Conviction for armed robbery reversed, conviction for unlawfully driving away a motor vehicle affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gary L. Walker,* Prosecuting Attorney, for the people.

*Bridges & Collins* (by *Paul A. Peterson),* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 118, 349 *et seq.*

Before: R. B. BURNS, P. J., and QUINN and BEAS-
LEY, JJ.

QUINN, J. Defendant was charged with armed
robbery, MCLA 750.529; MSA 28.797, and unlaw-
fully driving away a motor vehicle, MCLA 750.413;
MSA 28.645, and tried for both offenses. The jury
found her guilty of both offenses and she was
sentenced on both. Her appeal raises four alleged
reversible errors.

John Trapp was charged jointly with defendant.
The people's motion to consolidate the trials of
Trapp and Savard was denied and a motion for
severance of the trials was granted. During the
course of the people's case against defendant and
out of the presence of the jury, the prosecuting
attorney indicated that he intended to call Trapp
as a witness in this case of Savard. The record of
what then occurred follows:

"(WHEREUPON, Court reconvened at 3:20 P.M. and
the proceedings resumed. Jury not present.)

\* \* \*

"THE COURT: Gentlemen, I understand that as a
result of a conference, there is a matter to take up
outside the presence of the jury. For the record, counsel
have indicated in chambers, the Prosecutor has indi-
cated in chambers that he intends to call as his next
witness, John Trapp. John Trapp is also charged with
this offense. His trial is due to commence this coming
Monday. I understand, Mr. Casselman, you have an
objection to having Mr. Trapp called as a witness?

"MR. CASSELMAN: Yes, your Honor.

"THE COURT: Will you state your objection for the
record, please, Mr. Casselman?

"MR. CASSELMAN: The calling of Mr. Trapp, your
Honor, can have no effect upon this jury other than to
prejudice the jury against this Defendant. It will force
me to object to the testimony of Mr. Trapp in the

presence of the jury, thereby further prejudicing my client's case. That the Prosecution feels compelled to call Mr. Trapp, I object for those reasons.

"THE COURT: What is your position on the matter, Mr. Anderegg? I assume and I suppose we all assume that Mr. Trapp will not answer any incriminating questions.

"MR. ANDEREGG: Well, your Honor, Mr. Trapp's attorney is present in court, and I am sure that he will protect Mr. Trapp's rights in this matter, but I do intend to call Mr. Trapp and ask him questions that I think are relevant to this case against Patty Savard and I would further ask the Court to direct Mr. Casselman not to object to Mr. Trapp in the presence of the jury. I think that is why we are arguing about this now when the jury is not here.

"THE COURT: Well, it occurs to me that the objection is noted on the record and preserved for review in the event of an appeal. I'm going to overrule the objection to having the Prosecutor call Mr. Trapp. For one thing, he is not presently on trial, and even though we all assume that he will refuse to answer incriminating questions, I guess we won't know that until he is on the stand and is asked. I might state further that the history of this file indicates that the Prosecution did file a motion to consolidate the trials of Mr. Trapp and Miss Savard. The motion was opposed by both Defendants and the motion for severance was granted. Now if the Prosecution's motion for consolidation had been granted, then, of course, the Prosecution clearly would not be allowed to call Mr. Trapp, so this seems to be one of the consequences of separating the trials. And as far as I know, and no one has cited me any authority to the contrary, it does appear that the Prosecutor is entitled to call Mr. Trapp if he wishes even under the expectation that Mr. Trapp will not answer any substantive questions.

\* \* \*

"JOHN TRAPP, being first duly sworn by the Clerk at 3:27 P.M., was examined and testified on his oath, as follows:

*"DIRECT EXAMINATION BY MR. ANDEREGG:*

"Q. Mr. Trapp, being a co-defendant in this case, I would ask that the Court advise him of this Fifth Amendment rights. His attorney is present in court and I assume that he has discussed the matter with his attorney, but just to make doubly certain, I would ask the Court to advise him of his Fifth Amendment rights.

"THE COURT: Well, in this particular instance, the jury will understand that Mr. Trapp's name has been mentioned, of course, by Mr. Barrett. Mr. Trapp is also charged with the same offense. His trial is due to commence this coming Monday. He has an attorney and his attorney is Mr. F. Gregory Murphy, who is seated at counsel table over here. I think that is as far as we have to go on that Mr. Anderegg. I don't believe it's necessary for me to reiterate what I am sure Mr. Murphy has already told his client.

"MR. ANDEREGG: Thank you, your Honor.

"MR. ANDEREGG: Q. Would you state your name and address please?

"A. John P. Trapp, 1510 Lincoln Avenue.

"Q. John, did you see Pat Barrett on February 27, 1975?

"A. May I ask a question please? If I wish to exercise my Fifth Amendment, may I?

"THE COURT: Yes. Yes, you certainly may.

"THE WITNESS: Then, that is what I wish to do.

"MR. ANDEREGG: Q. Mr. Trapp, did you receive a pistol from Patricia Savard on or about February 27, 1975?

"A. I just said I wish to exercise my Fifth Amendments.

"THE COURT: Do I understand, Mr. Trapp and Mr. Murphy as well, that this witness intends to decline to answer any substantive questions that are put to him by the Prosecutor on the ground that his answer might tend to incriminate him?

"MR. MURPHY: That's correct, your Honor.

"THE COURT: Very well, Mr. Anderegg, I don't see any need to pursue questioning any further. I do believe that once the witness has indicated this, that no matter if we stay here from now until the middle of next week,

the witness is apparently going to refuse to answer any further questions.

\* \* \*

"CARRIE TUIMALA, having been first duly sworn by the Clerk at 3:30 P.M., was examined and testified on her oath as follows:

*"DIRECT EXAMINATION BY MR. ANDEREGG:*

"THE COURT: Before proceeding with the testimony of Miss Tuimala, inasmuch as the witness, John Trapp, refused to answer any questions at all, the jury should not draw any inferences whatsoever from his testimony or from the questions that were put to him. You can proceed, Mr. Anderegg."

This constituted reversible error is far as the armed robbery charge is concerned, *People v Mc-Nary,* 43 Mich App 134; 203 NW2d 919 (1972). While there is no testimony in this case as there was in *McNary* that the prosecuting attorney knew before calling Trapp that Trapp would claim his Fifth Amendment privilege not to testify, it should have been so apparent to all counsel and the trial judge that he would do so that a precautionary step should have been taken. That step was to require the prosecuting attorney to make an offer of proof on Trapp's testimony out of the presence of the jury. What did occur jeopardized defendant's right to a fair trial, *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969).

The improper remarks of the prosecuting attorney in closing argument were not reversibly erroneous. They were made in response to defendant's argument and the trial judge gave a curative instruction, *People v Pomranky,* 62 Mich App 304; 233 NW2d 263 (1975).

Read in their entirety, we find no error in the instructions, *People v Penn,* 70 Mich App 638; 247 NW2d 575 (1976).

There was no error in admitting the gun into evidence. The proof with respect to it meets the test for admission found in *People v Mason,* 29 Mich App 613; 185 NW2d 822 (1971).

The evidence offered and received at the preliminary examination was sufficient to bind defendant over for trial on the charges filed against her, *People v Karcher,* 322 Mich 158; 33 NW2d 744 (1948).

Reversed and remanded as to the conviction of armed robbery. The conviction for unlawfully driving away a motor vehicle is affirmed.