PEOPLE v CRUMP

Docket No. 47012. Submitted June 10, 1980, at Grand Rapids.—Decided August 28, 1980.

Thomas Crump, III, and a codefendant were charged with breaking and entering. Crump was convicted of entering without breaking and was sentenced to probation, Calhoun Circuit Court, Paul Nicholich, J. He appeals, alleging 1) that the trial court erred in refusing to grant his motion for a directed verdict, 2) that the prosecutor's comment regarding defendant's right to remain silent requires reversal, 3) that the prosecutor's rebuttal argument concerning the character of codefendant's counsel necessitates reversal, and 4) that the prosecutor's denial of his request for a polygraph examination was an abuse of discretion. *Held:*

1. The evidence presented at trial was sufficient to withstand defendant's motion for a directed verdict since a rational trier of fact could have found from the evidence introduced that the essential elements of the crime were proven beyond a reasonable doubt.

2. The prosecutor's remarks regarding defendant's right to remain silent, although improper, were made in direct response to arguments advanced by counsel for his codefendant and do not result in reversible error.

3. The prosecutor's remarks concerning the character of codefendant's counsel were not directed at defendant, and he has not shown that he was prejudiced thereby. Moreover, he

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 483.
    Power of court sitting as trier of fact to dismiss at close of plaintiff's evidence, notwithstanding plaintiff has made out prima facie case. 55 ALR3d 272.
[2] 75 Am Jur 2d, Trial § 237.
[3] 75 Am Jur 2d, Trial § 315.
[4] 75 Am Jur 2d, Trial § 192.
[5] 63 Am Jur 2d, Prosecuting Attorneys § 25.
    Physiological or psychological truth and deception tests. 23 ALR2d 1306.

did not raise an objection at trial nor request a curative instruction, and reversal is not warranted.

4. A reversal will not be based on some suffering of prejudice by a defendant through the attitude or trial strategy of his codefendant's counsel absent a clear indication that the defendant has suffered a miscarriage of justice.

5. The prosecutor's denial of defendant's request for a polygraph examination is not an abuse of discretion requiring reversal absent a showing that the denial was the result of bad faith, by way of caprice, or invidious discrimination.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — DIRECTED VERDICT — TRIER OF FACT.

Evidence is sufficient to withstand a motion for a directed verdict where a rational trier of fact could have found from the evidence introduced that the essential elements of a crime were proven beyond a reasonable doubt.

2. CRIMINAL LAW — PROSECUTORS — IMPROPER COMMENTARY.

A prosecutor's comments on a defendant's right to remain silent, although improper, do not result in reversible error where they are made in direct response to arguments advanced by counsel for a codefendant.

3. CRIMINAL LAW — PROSECUTORS — COMMENTS DIRECTED AT COUNSEL.

A prosecutor's rebuttal argument concerning the character of a codefendant's counsel does not necessitate reversal where it was directed at counsel and it is not shown that defendant was prejudiced thereby or that he raised objection at trial or requested a curative instruction.

4. CRIMINAL LAW — ACTS OF COUNSEL FOR CODEFENDANT — REVERSAL.

The Court of Appeals will not reverse a conviction because the attitude or trial strategy of counsel for a codefendant may have caused a defendant to suffer some prejudice where the defendant did not request that his trial be severed from that of his codefendant, absent a clear indication that the defendant has suffered a miscarriage of justice.

5. CRIMINAL LAW — PROSECUTOR'S DISCRETION — POLYGRAPH TESTS.

A prosecutor is afforded wide discretion in conducting a criminal investigation, and a denial by a prosecutor of a defendant's request to arrange for a polygraph examination is not an abuse

of discretion absent a showing by the defendant that the refusal was the result of bad faith, by way of caprice, or invidious discrimination.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Norlander,* Prosecuting Attorney, and *John H. MacFarlane,* Assistant Prosecuting Attorney, for the people.

*Allen, Letzring & Denenfeld,* for defendant on appeal.

Before: ALLEN, P.J., and D. F. WALSH and G. R. McDONALD,* JJ.     .

PER CURIAM. Defendant and codefendant, Lee Caldwell, were charged with breaking and entering, MCL 750.110; MSA 28.305. Defendant was convicted by a jury of entering without breaking, MCL 750.111; MSA 28.306, and was sentenced to two years probation.

Defendant argues that the trial court erred in refusing to grant his motion for a directed verdict. Specifically, defendant claims that there was no testimony to establish the necessary element of a breaking. We disagree.

The complainant testified that, when she left the apartment, she locked the doors and that she had not given defendant Crump nor codefendant Lee Caldwell permission to enter. When she returned, the back door had been torn off the hinges. Other witnesses testified that they observed Crump and Caldwell coming out of the back door of the apartment carrying items which matched the description of items reported missing by the complainant. Such evidence was sufficient to withstand defendant's motion for a directed verdict. *People v*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Garrett,* 17 Mich App 69; 169 NW2d 143 (1969). A rational trier of fact could have found from the evidence introduced that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

Secondly, defendant contends that the prosecutor impermissibly commented on defendant's right to remain silent and that reversal is required under *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). While the prosecutor's remarks were improper, we note that they were made in direct response to arguments advanced by counsel for the codefendant. Therefore, the prosecutor's comments were not reversibly erroneous. *People v Jones,* 75 Mich App 261; 254 NW2d 863 (1977), *People v Malchi White,* 81 Mich App 226; 265 NW2d 100 (1978).

Defendant also argues that the prosecutor's rebuttal argument concerning the character of codefendant's counsel necessitates reversal. We disagree. The remarks were directed at counsel for the codefendant, and we are not persuaded that defendant was prejudiced thereby. Moreover, defendant did not raise any objection at trial and did not request a curative instruction. Reversal is not warranted under these circumstances. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977).

With respect to both of the last two issues, defendant argues that he should not be penalized for the acts of counsel for his codefendant. Defendant, however, did not request that his trial be severed from that of his codefendant. Whenever two or more defendants are tried in the same trial, there is always the possibility that one defendant may suffer some prejudice from the attitude or trial strategy of a codefendant or from the manner

in which his counsel presents the case to the jury. We decline to reverse on that basis, however, absent clear indication that the defendant has suffered a miscarriage of justice. MCL 769.26; MSA 28.1096. We find no such miscarriage of justice in this case.

Finally, defendant claims as error the prosecutor's denial of a request for a polygraph examination. We find no error in this regard. The prosecutor is afforded wide discretion in conducting a criminal investigation. *People v Birmingham,* 13 Mich App 402; 164 NW2d 561 (1968). Defendant failed to demonstrate that the prosecutor's refusal to arrange for a polygraph examination was the result of bad faith, by way of caprice, or invidious discrimination. Absent such a showing, we cannot conclude that the prosecutor abused his discretion in the denial of defendant's request.

Affirmed.